## LARKEY v. CHURCH.

No. 9796—Opinion Filed Sept. 14, 1920.

(Syllabus by the Court.)

1. **Municipal Corporations — Collisions — Rights of Road—Negligence—Liability.**

The act of driving an automobile on the wrong side of the street, in violation of a city ordinance, at the time when an accident by collision occurs, is of itself prima facie evidence of negligence; however, that presumption of negligence may be overcome by proof, but the burden is upon the party so wrongfully using the street to show by a preponderance of the evidence that the fact that he was driving on the wrong side of the street was not the proximate cause of the collision.

2. **Negligence — Personal Injuries — Proximate Cause.**

It is a well-established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by Joe Larkey against Charles Church for personal injuries. Judgment for defendant, and plaintiff brings error. Affirmed.

W. W. Sutton, for plaintiff in error.

H. J. Sturgis, for defendant in error.

PITCHFORD, J. This action was commenced in the district court of Garfield county by the plaintiff in error, plaintiff below, to recover damages which plaintiff alleges were sustained by him as a result of a collision of the defendant's automobile with the plaintiff's motorcycle, which occurred at the intersection of North Independence ave. and West Randolph street, in the city of Enid, Oklahoma.

Plaintiff charges, in substance, that on or about the 9th day of December, 1916, he was riding a motorcycle from the north to the south along the right or west side of the center line of Independence ave. of the city of Enid, approaching Randolph street. That at that time, the defendant was driving his automobile from the south to the north on Independence ave., and that contrary to his duty, he did not drive his car to the right or east of the center line on Independence ave. as far north as the center of Randolph street, and did not pass beyond the center of Randolph street to the north side thereof before turning to the left or west thereon, but, on the contrary he wrongfully, carelessly, and negligently turned

his car to the left, south of the center line of Randolph street, entering said street with his car upon the left and west of the center of Independence ave. and south of and on the left of the center line of Randolph street; in other words, cutting across the corner south and west of the center of the intersection of said streets. That at the time said defendant turned from his northward direction on Independence ave. to the west on Randolph street, the plaintiff was traveling south as above stated, and owing to the careless and negligent act of the defendant in suddenly turning his car to the left, he wrongfully and negligently caused his car to collide with plaintiff's motorcycle, knocking the plaintiff and his motorcycle westward, thereby throwing plaintiff and his motorcycle with great force upon the pavement, and the front wheels of said automobile ran over said motorcycle and the body of this plaintiff.

The defendant denied each and every material allegation in plaintiff's petition which was not specifically admitted, and alleged that the said collision and consequent injuries to the plaintiff, if any were sustained by him, were due to the gross negligence of the plaintiff, in this, that just before said collision occurred, the plaintiff in avoiding a collision with pedestrians crossing Independence ave. deflected the course of the motorcycle from the direct line north and south and just after passing said pedestrians looked back and was not giving his attention to the objects in front of him, and when he did turn his attention to the front he was so close to the defendant's car that he could not stop his motorcycle, but dashed into defendant's car, thereby causing the injuries of which he complains.

The plaintiff testified that the collision occurred west of the center line of North Independence ave. and south of the center line of West Randolph street, and is corroborated by the testimony of other witnesses, testifying in his behalf.

The defendant testified that he was traveling on North Independence ave. on the east side of the center of said street; that when he reached West Randolph street, intending to go west on said street, he crossed beyond the center of this street before turning west; that he saw the plaintiff approaching on his motorcycle; that at that time the plaintiff was 40 or 50 feet from him; that the plaintiff was traveling at a high rate of speed; that the plaintiff had turned his head and was looking in another direction; that when he noticed that plaintiff was not observing any caution and not looking in the direction in which he was going, he immediately applied his brakes, and at that time the plaintiff's motorcycle struck the defendant's automobile.

The defendant further testified that he was driving his car under obsolute control and traveling at a rate of not more than four or five miles an hour. The daughter of the defendant, who was with him at the time, corroborates the defendant.

A verdict was returned in favor of the defendant, motion for new trial was overruled, and judgment entered, from which plaintiff appeals.

The errors alleged for reversal of the judgment of the trial court may be summarized under two heads: (1) The error of the court in instructions given the jury; (2) error in refusing certain instructions submitted by the plaintiff.

Section 1 of ordinance No. 887 of the city of Enid provides:

"All persons driving any vehicle of any kind on the streets of the city of Enid, shall drive the same on the right side of the center line of said streets. * * * "

And section 2 of said ordinance provides:

"That any person or persons driving any automobile, motorcycle or other vehicle who shall through careless, reckless or negligent driving cause any accident or collision by driving or riding into or against any other vehicle of any kind or character, whether the same be in motion or standing upon the streets of the city of Enid, or cause any accident by driving, or riding into or against any pedestrian thereby injuring the said vehicle or its occupants, or said pedestrian, shall be deemed guilty of an offense against this ordinance of the city of Enid. * * * "

And section 5 of said ordinance provides:

"That any person who shall drive any automobile or ride any motorcycle, upon any of the streets of the city of Enid, shall at any and all times approach the streets around the public square within the city of Enid (from all directions) having their said automobile or motorcycle under full control, and by full control is meant that control which would enable said driver or rider to stop his or her automobile or motorcycle instantly. * * * "

The court instructed the jury that if they found from a preponderance of the evidence that the defendant was driving his car in a northerly direction from Independence ave., approaching Randolph street from the south, it was his duty to drive his car upon the right side of the center of Independence ave. until he passed the center line of Randolph street, and also upon traveling west on Randolph street it was his duty to keep to

the right of the center of said street while traveling in a westerly direction thereon, and if they found from a preponderance of the evidence that the defendant violated his duties in the above particulars, such conduct constituted prima facie negligence on the part of the defendant, and if the jury further found that such acts were the proximate cause of the injuries sustained by the plaintiff and his motorcycle then the jury should find for the plaintiff.

The court further charged the jury that while the act of driving an automobile on the wrong side of the street at the time when the accident by collision occurred is of itself prima facie evidence of negligence, yet that presumption of negligence could be overcome by proof, and the burden was upon the party so wrongfully using the street to show by a preponderance of the evidence that the fact that he was driving on the wrong side of the street was not the proximate cause of the collision; in other words, the mere fact alone that the defendant was driving on the wrong side of the street would not authorize a verdict against him unless the jury further found by a preponderance of the evidence that the conduct of the defendant in so driving, and not the conduct of the plaintiff, was the cause of the collision, and the resulting damages and injuries.

The plaintiff complains that the court erred in instructing the jury that the violation on the part of the defendant of the city ordinances was only prima facie evidence of negligence, and not negligence per se, and cites a line of authorities which seem to sustain his contention.

The effect of the instruction complained of is the same as if the court had instructed that the negligence of defendant amounted to negligence per se instead of saying that the act of the defendant constituted prima facie evidence of negligence. The court charged the jury that if they found the defendant was driving on the wrong side of the street and his act in so doing was the proximate cause of the injury sustained by the plaintiff, then they should find in favor of the plaintiff; and, further, that the burden was upon the defendant, if they found he was driving on the wrong side of the street. to show by a preponderance of the evidence that his act in driving on the wrong side of the street was not the proximate cause of the collision. All the authorities cited by the plaintiff go to this extent, and this extent alone; that is, that the violation of a municipal ordinance passed in the proper exercise of police power in the interest of public safety, and not in conflict with the general law, is negligence per se,

and where such act of negligence by the defendant is the direct and proximate cause of the injury, not directly contributed to by want of due care on the part of the injured person, the defendant is liable.

As we understand the term negligence per se in this connection it means that one violating the statute or an ordinance in this regard would be guilty, regardless of what caused him to be on the wrong side of the street.

Prima facie evidence of negligence is such evidence as establishes the fact and becomes conclusive unless rebutted or explained by the evidence, and is considered as if fully proved unless so rebutted or explained. If the jury should find from the evidence that the defendant was driving his automobile on the wrong side of the street, in violation of the city ordinance, then, under the instructions of the court, his act in so driving would amount to such negligence as would entitle the plaintiff to recover, provided the jury should further find that this act of negligence was the proximate cause of the injury, not directly contributed to by want of due care on the part of the plaintiff.

If the court had charged that the violation of the ordinance was negligence per se, still the jury would have been required to find that the negligence of the defendant was the proximate cause of the injury. In other words, as we understand the instructions given the jury and the contention of the plaintiff, there is a distinction without any difference. It is immaterial how the negligence is denominated, whether prima facie or per se. In either event the negligence, however named, must be the proximate cause of the injury.

We cannot subscribe to the rule that one violating a city ordinance as to his manner of driving would be guilty of negligence per se under any and all circumstances. We can understand how an individual driving an automobile in strict compliance with the ordinance might, under some circumstance, be guilty of the grossest negligence by remaining on the right side of the street. As an illustration, one driving an automobile filled with women and children along the street in strict compliance with the terms of the ordinance and seeing a run-away team approaching and knowing that by keeping on the right side of the street a collision is unavoidable; under these circumstances common prudence would dictate turning his car to the left if by doing so a collision could be avoided. The mere fact that the automobile was then found on the wrong side of the street would not constitute negligence per se. The fact of its being on that side of the

street, however, in violation of the ordinance might be prima facie evidence of negligence, but when rebutted by showing the reason for the car being on the wrong side, no one would charge the driver with being guilty of negligence under the circumstances stated.

In Lee v. Pesterfield, 77 Okla. 317, 188 Pac. 674, the first paragraph of the syllabus is as follows:

"Rule 7, sec. 11, chap. 173, Sess. Laws 1915, providing that 'at intersecting roads or streets, vehicles approaching from the right shall have the right of way over those approaching from the left,' does not mean that a vehicle not having the right of way at such intersecting streets must at its peril avoid collision with a vehicle having a right of way, irrespective of cars or negligence by either party. Nor does such 'right of way' release the vehicle thus favored from the duty of exercising due care not to injure another at such intersecting streets."

If the testimony of the defendant was true—and this was a matter entirely for the jury—we are forced to the conclusion that the plaintiff was guilty of gross negligence on his part, and that the negligence of the plaintiff was the proximate cause of the injury.

In St. Louis & San Francisco R. Co. v. Hess, 34 Okla. 615, 126 Pac. 760, it was held:

"It is a well-established rule that in a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence."

The evidence on the part of the defendant tended to show that the plaintiff was traveling at a high rate of speed, coming south on North Independence ave.; that, in order to avoid injury to some girls, he deflected to the left and was looking back, apparently at the girls, until he came within three or four feet of the defendant's automobile. A very significant fact in this connection is deducible from the testimony of the plaintiff himself. He says that in looking south on North Independence ave., he at no time saw the car of the defendant. He says that there was nothing to obstruct his view. If he had been alert and cautious, we cannot conceive how it was possible for him not to have noticed the car approaching from the south. The jury could infer from the evidence that the injury to the plaintiff was the direct result of his failure to observe ordinary care.

In Erwin v. Traud, 100 Atl. 184, the Court of Errors and Appeals of New Jersey held:

"A traffic regulation, giving an automobile driver the right of way at a street intersection against a vehicle approaching the crossing at the same time from his left, does not relieve him of the legal duty to use reasonable care to avoid colliding with such vehicle should its driver disregard such right. In cases of injury to a passenger on the latter vehicle resulting from such a collision under circumstances indicating a disregard of that legal duty, it becomes a jury question whether, under all the circumstances, including the traffic regulation, there was negligence on the part of the driver having the right of way."

In El Paso Electric R. Co. v. Benjamin et al. (Tex. Civ. App.) 202 S. W. 996, it is said:

"An ordinance providing that drivers shall look out for and give the right of way to vehicles approaching street crossings from the driver's right does not relieve a motorman from the duty of looking out for an automobile approaching from his left."

In the case of Tulsa Ice Co. v. Wilkes, 54 Okla. 519, 153 Pac. 1169, it was said:

"The statutory requirements that travelers when meeting, shall each turn to the right does not make a nonobservance thereof negligence per se. Lyons v. Childs, 61 N. H. 72. * * * Ordinarily, if a traveler, on meeting another, fails to yield half of the road by turning to the right, and such failure causes the injury, it would be actionable negligence; but it must depend, in the very nature of things, and the diversity of situations likely to arise, upon the circumstances existing at the time of the meeting. In other words, the travelers, notwithstanding the general rule of law, are required, in a measure, to accommodate themselves to the situation presented. Therefore, it may be generally stated that, while a traveler is ordinarily liable for accidents proximately caused by his failure to keep to the right, yet he may not be liable, even though he drove to the left, if such turning to the left was not the proximate cause of the accident. 37 Cyc. 270. That one may, under some circumstances, recover, although he turned to the left, has been held in the case of Cook v. Forgarty, 103 Iowa, 500, 72 N. W. 677, 39 L. R. A. 488, and that plaintiff cannot recover, although, the defendant was on the wrong side of the road, where the injury was the result of plaintiff's own negligence, has been held in Lee v. Foley, 113 La. 663."

To the same effect, see Bragdon v. Kellogg (Me.) 105 Atl. 433.

We have examined the instructions tendered by the plaintiff and refused by the court in connection with the instructions

given by the court, and conclude that the instructions given fully presented the issues of the case and correctly applied the law.

Failing to discover any error in the record, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

All the Justices concur, except RAMSEY, J., absent and not participating.