## LYNN v. GESSEL DRILLING CO.

No. 22868.    April 23, 1935.

Thomas J. Horsley and Don Welch, for plaintiff in error.

Chas. L. Yancey, G. C. Spillers, Henry L. Fist, and E. M. Calkin, for defendant in error.

PER CURIAM. The record discloses that in November, 1928, the defendant was engaged in drilling an oil well in Seminole county, Okla. For the purpose of generating steam to drill said well, the defendant was using three boilers; that on the night of November 22, 1928, at about one o'clock in the morning, the plaintiff went upon the premises seeking employment and requested

the man in charge of the boiler house to give him permission to sleep in the boiler house the remainder of the night. The man in charge answered "all right get you a pallet," whereupon the plaintiff arranged a pallet and went to sleep. About one and a half hours thereafter one of the boilers exploded and the plaintiff was severely burned and suffered painful bodily injuries. This action is brought to recover damages for such injuries.

The plaintiff was not an employee of the defendant, but at best a mere licensee, who at his own request was permitted to remain upon the premises.

There is no evidence in the record as to the cause of the explosion. The plaintiff alleges in his petition that said boiler was old and corroded and the seams thereof had become weakened and cracked, and that the steel plat separating the fire box in said boiler had become weakened and worn and melted thin; that defendant had permitted large amounts of mud and other sediment to remain in the water compartment of said boiler; had wholly failed and refused to clean the same, thus preventing free circulation of water so that portions of said boiler were subjected to excessive heat from the fire box; that such negligence and want of care was the proximate cause of the explosion of said boiler. The plaintiff offered no evidence to prove any of the aforesaid allegations.

The plaintiff also alleges that at the time said boiler exploded, it had not for more than one year prior thereto been inspected by any lawfully authorized boiler inspector of the state of Oklahoma, and that the same was being used in violation of the statutory law of Oklahoma, and that such unlawful use constituted gross negligence and want of care toward plaintiff, and was the proximate cause of the injuries complained of; that had said boiler been inspected the defective condition would have been discovered and the use of the boiler discontinued.

Defendant filed its answer denying the allegations of plaintiff's petition, to which answer the usual reply was made.

Upon trial, at the completion of plaintiff's evidence, the defendant demurred to the evidence on the ground that the evidence was wholly insufficient to establish a cause of action against the defendant or to support a judgment in favor of the plaintiff and against the defendant.

The demurrer to the evidence was sustained by the court and judgment rendered for defendant.

To reverse this action of the trial court, this appeal is brought.

For reversal the plaintiff relies upon two propositions:

(1) Error of the trial court in rejecting competent, relevant and material evidence offered by plaintiff.

(2) That the trial court erred in sustaining the demurrer of the defendant to the evidence of the plaintiff.

In considering these assignments of error we will consider the second proposition first:

Did the court commit error in sustaining the demurrer to the evidence of the plaintiff?

Upon the trial of this cause in the court below and in this court on appeal, the plaintiff apparently relies upon the provisions of chapter 146 of the Session Laws of 1919 (secs. 10865-71, O. S. 1931), of the state of Oklahoma. This act is entitled:

"An act providing for the inspection of steam boilers, conferring authority to promulgate rules and regulations to govern the inspection of steam boilers, and providing a penalty for the violation of the provisions of this act."

Section 1 of the act provides:

"It shall be the duty of the State Factory Inspector and Assistant Factory Inspectors, under the direction of the Commissioner of Labor, to supervise the work of inspecting and testing of steam boilers, throughout the state and wherever possible, to supervise the installation of new boilers."

Section 2. "All steam boilers operated in this state, except boilers under the jurisdiction of the United States, boilers of railroad locomotives and boilers not exceeding fifteen (15) pounds gauge pressure, shall be subject to the provisions of this act, and shall be inspected at least once each year. They shall be inspected internally and externally, given the hammer test and a hydraulic test, when deemed necessary by inspector, provided this act will not apply to threshing engines during the threshing season."

Section 3. "Any boiler which is found to be unsafe shall be repaired as may be directed by the State Factory Inspector or any inspector authorized under the provisions of this act subject to the approval of the State Commissioner of Labor, and if repairs will not overcome the defects, the future use of the boiler shall be prohibited, and no person shall thereafter cause, or permit the use of such boiler. The use of any boiler, subject to the provisions of this act,

may be temporarily prohibited until repairs are made as provided for in this act."

Section 5. "The State Factory Inspector, under the direction of the Commissioner of Labor, is hereby authorized and empowered to promulgate such rules and regulations, as in his judgment are necessary for the positive safety of steam boilers, and he may issue orders, either directly or through any State Factory Inspector's recommendations. to carry into effect such rules and regulations. In adopting rules and regulations and issuing orders, the State Factory Inspector shall have complete jurisdiction over the entire boiler, appurtenances and the boiler room."

Section 7 of the act provides a penalty for the violation of the provisions of said act; said penalty being a penal one providing for fine and imprisonment.

It does not provide for liability for damages to injured persons as do many of the sections of the labor statutes.

Nowhere in the act is the use of boilers which have not been inspected prohibited. No prohibition is placed upon the use of steam boilers which have not been inspected under the provisions of said act.

The court will take judicial notice of the fact that there are a large number of steam boilers in use in the state of Oklahoma, and it surely was not the intention of the Legislature to prohibit the use of all steam boilers until they had been inspected by the State Factory Inspector. The inspection by such official of all the steam boilers in Oklahoma would require a large force of inspectors and take months to accomplish. Surely the Legislature did not intend to shut down all such steam boilers until such time as the State Factory Inspector could find time to inspect them. The law only prohibits their use after they have been inspected and found to be unsafe.

There is nothing in the title of the act, nor in the act itself, to indicate that it was the intention of the Legislature to make the use of a steam boiler which had not been inspected gross negligence in and of itself.

It necessarily follows that the use of the boiler in question before it had been inspected by the State Factory Inspector was not negligence per se, and the doctrine of res ipsa loquitur does not apply.

1. A demurrer to plaintiff's evidence in a personal injury action ought to be sustained, unless it is reasonably apparent that the injury suffered by the plaintiff is the causal effect from some wrongful act of the defendant, in violation of a legal duty owing to the plaintiff. Smith et al. v. Clark, 125 Okla. 18, 256 P. 36; Schaff v. Edwards, 111 Okla. 13, 237 P. 620.

In the case at bar the plaintiff offered no proof to establish any one of the acts complained of as to the unsafe condition of the boiler in question. It cannot be assumed that an inspection of the boiler would have prevented the explosion without showing some defect in the boiler which would have been discovered had such inspection taken place. We know of no case which holds that the mere fact that a boiler exploded is sufficient to prove negligence, without further proof of some defect or want of care, or that a steam boiler in and of itself is such a dangerous instrumentality as to make the owner thereof an insurer as to trespassers or mere licensees.

The plaintiff in this case was at best a mere licensee, and as he wholly failed to show any actual negligence upon the part of the defendant, or that the defendant failed in a legal duty owed to him, the court rightfully sustained the demurrer to the evidence.

The plaintiff complains that the court refused to permit the introduction of competent evidence offered on the part of the plaintiff. While it is barely possible that the evidence offered and rejected was competent, which we do not decide for the reason that under our view of the case the same could not have changed the result, had such evidence been admitted it would have been wholly insufficient to make even a prima facie case, and therefore the rejection thereof, if error at all, was harmless.

Finding no prejudicial error in the record, the judgment of the district court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. M. Chase, E. W. Snoddy, and C. H. Mauntel in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chase and approved by Mr. Snoddy and M. Mauntel, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.