Bobby CHEATHAM, Plaintiff in Error,

v.

Norman VAN DALSEM and Bob Parks, Defendants in Error.

No. 38544.

Supreme Court of Oklahoma.

March 22, 1960.

Brown & Garrison, Tulsa, for plaintiff in error.

Alfred B. Knight, Tulsa, for defendants in error.

IRWIN, Justice.

Plaintiff's action is for damages for personal injuries sustained as a result of an automobile collision. Plaintiff was a passenger in a car driven by defendant Ray Atchley, which rammed the rear end of a car driven by defendant Norman Van Dalsem and owned by defendant Bob Parks. At the conclusion of plaintiff's evidence, the trial court sustained the separate demurrers of defendants, Van Dalsem and Parks, and plaintiff dismissed as to defendant Atchley. After a motion for new trial was overruled, plaintiff perfected this appeal.

### Pleadings

Plaintiff alleged that on December 24, 1957, about ten o'clock P.M., he was a guest and passenger in a car being driven by defendant Atchley in a westerly direction on Admiral Place, a four lane street in the City of Tulsa, Oklahoma, when it collided with a car owned by defendant Parks and driven by defendant Van Dalsem; that the collision occurred as a direct and proximate result of the carelessness and negligence of Atchley and Van Dalsem; that Atchley was driving at 30 M.P.H., which was too fast under the circumstances, and too fast to stop his vehicle within the assured clear distance ahead, and Atchley was inattentive and careless in his driving and failed to observe the traffic ahead of him, all in violation of the ordinances of the City of Tulsa. That Van Dalsem failed and neglected to indicate he was stopping and did not have a lighted lamp of a red color on the rear of his vehicle, all in violation of the city ordinances. That by reason of such collision,

plaintiff sustained severe and painful injuries which are of a permanent nature.

Defendants, Van Dalsem and Parks, denied generally and specifically any negligence on their part and alleged the collision and injuries complained of were solely caused by the negligence and want of care of Atchley. They further alleged Van Dalsem was not acting as agent, servant or representative, or in the scope of his authority for Parks.

## Evidence

Plaintiff's evidence disclosed that he was a guest and passenger in a car driven by Ray Atchley; that they were proceeding in a westerly direction in the center lane of Admiral Place, a four lane street in Tulsa; that it had been raining but the rain had ceased and a heavy mist was falling; that Admiral Place has over-head lights which were lighted but produced a glare; that when they were about 150 feet west of the intersection of Admiral Place with Pittsburg Street, the signal light at the intersection was green for traffic on Admiral Place and Atchley was driving between 26 and 30 miles per hour. That when they were approximately 100 feet from the intersection, the signal light turned amber and Atchley increased the speed of his car to about 32 miles per hour. That plaintiff saw the car driven by Van Dalsem, which was stopped in the center lane at the intersection for the red traffic light, when the Atchley car was about 25 feet from it; that Atchley immediately applied his brakes but the Atchley car slid into the rear end of the car driven by Van Dalsem, causing the resulting injuries. That the taillights on the car driven by Van Dalsem were not lighted either before or after the collision.

Defendant Parks, who was called as a witness for the plaintiff, testified he owned the car driven by Van Dalsem; that he loaned the car to Van Dalsem about eight o'clock P.M., on the evening of the accident; that Van Dalsem was not doing anything for him and was to keep the car that night and return it the next day in time

for all of them to go to his (Parks) in-laws for Christmas dinner.

## Issue

From the conclusions hereinafter set forth, the only issue involved is whether the evidence discloses that the negligence, if any, of the defendant Van Dalsem, was the proximate cause of the collision and resulting injuries.

## Conclusions

In considering the issue involved, we must be cognizant of certain salient principles of law heretofore established, which are: That regardless of any negligence on part of a defendant and regardless of the extent of such negligence, no liability attaches unless the injuries complained of resulted directly and proximately from such negligence; that the proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if the negligence merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such condition is not the proximate cause of the injury; that if the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court. See Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187; Sturdevant v. Kent, Okl., 322 P.2d 408; Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501; Larkey v. Church, 79 Okl. 202, 192 P. 569; Lynn v. Gessel Drilling Co., 172 Okl. 16, 43 P.2d 1019; Booth v. Warehouse Market, Okl., 286 P.2d 721; and Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045.

The plaintiff relies principally on the cases of Kraft Foods Co. v. Chadwell, 207 Okl. 379, 249 P.2d 1002, and Taylor v. Ray, 177 Okl. 18, 56 P.2d 376. In both of these cases, the trucks were parked in the lane of traffic on a public highway out in the country without taillights burning or other warning. The highways were not lighted, the trucks were not stopped at an intersec-

**596** ■ ■

tion waiting for traffic lights to change and there were no other lights adjacent to the trucks to light up and make the trucks more visible to the naked eye. The trucks were also parked just over a rise, making it impossible to see them until right upon them. These cases are distinguishable from the case at bar and the law promulgated therein is not applicable.

In the case at bar, the plaintiff admits the negligence of the driver of the car in which he was riding and the only evidence of negligence of the defendants is that the car driven by Van Dalsem and owned by Parks had no lights on the rear end. At the time of the accident Van Dalsem was stopped in the center lane at the intersection waiting for the signal light to change from red to green. The street was lighted by overhead lights at spaced intervals, the intersection was lighted and there were filling station lights also at the intersection. While the testimony showed it was misting at the time, the windshield wipers on the Atchley car were working and he was driving with his headlights on. When the signal light changed from green to amber, Atchley, instead of reducing the speed of his car, increased the speed and did not observe the Van Dalsem car until within about twenty-five feet of it. A car in the outside lane, ahead of and traveling in the same direction as the Atchley car slowed down and stopped at the intersection.

■ ■ Under the circumstances in the case at bar, we can only conclude that while defendants may have been negligent in failing to have lights on the rear end of their car, it is not shown that such failure was the proximate cause of the injury, nor does the evidence disclose a causal connection between such failure and the injury alleged to have resulted. We therefore hold the determination of proximate cause was a question of law and the court did not err in sustaining defendants' demurrer to the evidence. Having so found, we find it unnecessary to consider any other issue presented.

Judgment affirmed.