**S. R. EVANS, Plaintiff in Error,**

**v.**

**Thomas F. CALDWELL, Defendant in Error.**

**No. 41048.**

Supreme Court of Oklahoma.

July 10, 1967.

As Corrected July 17, 1967.

Grove, Winters & Cloud, by Robert G. Grove, Oklahoma City, for plaintiff in error.

George F. Short, Pierce, Mock, Duncan, Couch & Hendrickson, Oklahoma City, for defendant in error.

McINERNEY, Justice:

This action was instituted by plaintiff, S. R. Evans, to recover damages for personal injury sustained by plaintiff when struck by a vehicle being driven by Jerry Posey. At the close of plaintiff's evidence the trial court sustained defendant's demurrer and dismissed the case. Plaintiff appeals, assigning as error the action of the trial court in sustaining defendant's demurrer.

S. R. Evans, plaintiff, alleged in his petition that he was fishing from the north side of the Roosevelt Bridge at 9:30 P.M. on a raised curb out of the roadway when the defendant Thomas F. Caldwell parked his vehicle directly opposite him on the south side of the bridge headed east. The defendant Jerry Posey, driving east, struck the Caldwell vehicle, glanced north and into the plaintiff, causing personal injury to plaintiff. The petition alleged negligence on the part of defendant Caldwell in his parking on a bridge in the main travelled part of the highway, and negligence on the part of the defendant Posey in driving 60 miles per hour, a speed which would not allow him to stop within an assured clear distance ahead and failing to keep a proper lookout. It is unnecessary to set out the allegations of injury and damage for a determination of this appeal.

The defendant Caldwell answered by general denial, contributory negligence, sudden emergency, unavoidable accident and that the accident was due solely to the negligence of the defendant Posey.

After pre-trial, the plaintiff dismissed without prejudice on the trial date as to the defendant Posey, and the case went on to trial before a jury on plaintiff's petition and defendant Caldwell's answer.

In support of his cause of action, the plaintiff testified that he was fishing with two friends, Tom Tolbert and Herb Davis, on August 30, 1963 when they arrived about 8:00 P.M. at the bridge near Gerty, Oklahoma. He had a folding chair and a light plant, which he lowered close to the water to attract fish. There were 12 to 15 other people there fishing. He was seated in his chair on the 24 inch curb looking east while vehicles were going back and forth across the bridge. One vehicle stopped 15 to 18 feet east of him, facing east. About 9:30 P.M. a car going at a good rate of speed "hit his brakes" and skidded into plaintiff after hitting the parked car. Posey was driving the car that struck him and Caldwell was parked in the south lane on the bridge.

On cross examination, the plaintiff testified that the bridge has lights on it and that the speed limit is 20 MPH on the bridge.

His fishing partners, Tolbert and Davis, testified to substantially the same facts.

The plaintiff was recalled, and testified that the Caldwell vehicle was parked approximately two feet from the center line. The bridge is 24 feet wide and the Oldsmobile 6½ feet wide.

At the conclusion of the testimony, the plaintiff rested and, after argument, the court sustained the demurrer of Caldwell on the ground that his stopping on the bridge was not the proximate cause of the injury to plaintiff. After his motion for new trial was overruled, the plaintiff perfected this appeal.

For reversal, plaintiff sets out the statutes involved, 47 O.S.1961, §§ 11–1001(a) and 11–1003(a) 13, which provide:

"Upon any highway outside of a business or residence district, no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the paved or main-travelled part of the

highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles, and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway" (11–1001(a)) and "No person shall stop, stand or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the law or the directions of a police officer or a traffic control device, in any of the following places: * * * upon any bridge or other elevated structure upon a highway * * *; * * *."

It is the position of plaintiff, apparently, that the evidence showed a violation of these statutes, the violation being negligence per se and, when combined with the negligence of Posey, the question of proximate cause became a question of fact for the jury.

The defendant contends that the alleged negligent parking merely furnished a condition and that the injury was caused by a subsequent independent act (Posey).

■ Briefly stated, the defendant Caldwell parked his vehicle on a well lighted bridge with ample unobstructed vision for vehicles coming from either direction.

This court said in Cheatham v. Van Dalsem, Okl., 350 P.2d 593,

"In considering the issue involved, we must be cognizant of certain salient principles of law heretofore established, which are: That regardless of any negligence on part of a defendant and regardless of the extent of such negligence, no liability attaches unless the injuries complained of resulted directly and proximately from such negligence; that the proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if the negligence merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such condition is not the proximate cause of the injury; that if the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court. See Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187; Sturdevant v. Kent, Okl., 322 P.2d 408; Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501; Larkey v. Church, 79 Okl. 202, 192 P. 569; Lynn v. Gessel Drilling Co., 172 Okl. 16, 43 P.2d 1019; Booth v. Warehouse Market, Okl., 286 P.2d 721; and Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okl. 149, 61 P.2d 1045."

The rule set out in the Cheatham case, supra, and the cases cited therein, has been followed in Mote v. Hilyard, Okl., 358 P.2d 844, and Agee v. Gant, Okl., 412 P.2d 155, both cases involving a motorist colliding with a vehicle parked on the highway.

■ Since there is but one inference which may reasonably be drawn from the evidence, the question of negligence is one for the court to determine as a matter of law. Agee v. Gant, supra. We conclude that plaintiff's evidence was insufficient to support a finding that the defendant Caldwell's parking on the bridge was the proximate cause of the collision and injury to plaintiff. City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189; Elam v. Loyd, 201 Okl. 222, 204 P.2d 280; Pepsi-Cola Bottling Company of Tulsa et al. v. Von Brady, Okl., 386 P.2d 993. Therefore, the trial court did not err in sustaining the demurrer and dismissing the case.

The judgment for defendant is affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, BERRY and LAVENDER, JJ., concur.

WILLIAMS, BLACKBIRD and HODGES, JJ., dissent.