Woodrow McCONNELL and Lorene McConnell, husband and wife, Appellants,

v.

OKLAHOMA GAS AND ELECTRIC COMPANY, Appellee.

No. 47083.

Supreme Court of Oklahoma.

Dec. 24, 1974.

McConnell & Prescott, Oklahoma City, for appellants.

Gordon F. Rainey of Rainey, Welch, Wallace, Ross & Cooper, Oklahoma City, for appellee.

WILLIAMS, Vice Chief Justice.

This is an appeal by plaintiffs from judgment dismissing their cause of action, entered after defendant's special and general demurrers to their petition were sustained. The questions presented are (1) whether punitive damages may be recovered under the allegations of plaintiffs' petition and (2) whether proof of the allegations in the petition would support a jury finding that defendant's acts were the proximate cause of plaintiffs' injury and damage.

Plaintiffs' action was in form and substance an action for damages for negligence for the death of their purebred Llewellin bird dog on July 10, 1973, with allegations that the acts of negligence which they ascribed to defendant were performed maliciously, willfully and with reckless disregard of plaintiffs' rights (paragraph 6 of amended petition). The facts were alleged in the following paragraph of plaintiffs' amended petition to be as follows:

"On said date, the above described dog was killed when struck by an automobile. This death was the proximate result of the negligence of one of defendant's employees, a meter reader who was employed by the defendant to go from house to house in the neighborhood and read the electric meters that defendant had installed on the premises of the users. The name of defendant's meter reader on said date is unknown to the plaintiffs but is known to defendant, and that said meter reader on the day aforesaid entered upon plaintiffs' property by unlatching a gate in a stockade fence surrounding plaintiffs' property and after entering in said fashion did leave the plaintiffs' premises through the same gate and failed to secure the latch on plaintiffs' gate thereby permitting plaintiffs' dog to escape from its confinement in plaintiffs' yard. The said employee was acting in the scope of his employment as the agent, servant and employee of the defendant and performing the work of the defendant company at the time. The plaintiffs further allege that the meter reader employees of the defendant company had been instructed to ring the doorbell to obtain admittance onto plaintiffs' premises and had been advised that the purpose of this request was to enable the plaintiffs to secure their dogs so that the employees would not be attacked when they entered on the premises for the purpose of reading the electric meter. Further, the said employees had repeatedly been instructed by the plaintiffs to latch the gate back in a secured position when they departed from the premises. That on July 10, 1973, the said meter reading employee of the defendant entered onto plaintiffs' premises through the yard gate by unlatching same and without announcing or giving notice of their intention to enter onto plaintiffs' premises and after reading plaintiffs' meter left the premises through the gate and failed to latch and secure the same. That thereafter, when plaintiffs' dogs were turned out into the back yard, the Lewellyn dog escaped through the unlocked gate and was subsequently killed by an automobile on the Northwest Highway."

Defendant specially demurred to that portion of the petition seeking punitive or exemplary damages for the reason that "* * * The alleged acts of defendant and defendant's employee * * * arose out of plaintiff's contract with defendant for electric service, and therefore exemplary damages may not be recovered under the provisions of Title 23 O.S.1971 § 9". Under that section, punitive damages may be awarded in actions not arising in contract where defendant has been "guilty of * * * malice, actual or presumed".

However, the mere fact that contractual relations were involved does not necessarily mean that plaintiffs are precluded from bringing an action in tort. In Jackson v. Central Torpedo Co., 117 Okl. 245, 246 P. 426, 46 A.L.R. 338, this Court held:

"Where the transaction complained of had its origin in a contract which places the parties in such a relation that in attempting to perform the promised service the tort was committed then the breach of contract is not the gravamen of the action. The contract in such case is mere inducement, creating the state of things which furnishes the occasion for the tort, and in all such cases the remedy is an action 'ex delicto' and not an action 'ex contractu.'"

To the same general effect see Morriss v. Barton, 200 Okl. 4, 190 P.2d 451; Hall Jones Oil Corp. v. Claro, Okl., 459 P.2d 858; and Fort Smith and W. R. Co. v. Ford, 34 Okl. 575, 126 P. 745. In the case now before us, the alleged contract for electric service was "mere inducement, creating the state of things which furnishes the occasion for the tort", and plaintiffs' proper remedy was an action in tort. Such being the case, and in view of the allegation with respect to malice and willfulness, punitive damages are authorized by 23 O.S.1971, § 9. We therefore hold that the trial court erred in sustaining the special demurrer.

Defendant's general demurrer to the petition was upon the usual ground that no cause of action was stated, and no specific reason for the trial court's action was given in the order sustaining it. However, the only alleged deficiency of the petition discussed in briefs concerns the question of proximate cause, and since no other deficiency is apparent on the face of the petition, we assume that the demurrer was sustained because the trial court felt that proof of the facts alleged would not support a jury finding that defendant's acts were the proximate cause of the injury.

In this Court, defendant seeks the benefit of the well established rule that where the negligence merely furnishes a condition by which the injury was made possible and a subsequent independent act causes the injury, the existence of such condition is not the proximate cause of the injury. We must therefore determine whether, under the allegations, the negligence of defendant was a mere condition or was itself the proximate cause of plaintiffs' injury.

On this question it is said that the courts frequently apply two closely related tests: the "foreseeability" test and the "natural and probable consequences" test. See 57 Am.Jur.2d Negligence, § 153. They have frequently been applied in this jurisdiction; see, for instance, Cunningham v. Pratt, Okl., 392 P.2d 725; Pepsi-Cola Bottling Co. of Tulsa v. Von Brady, Okl., 386 P.2d 993. We think they are particularly appropriate in the case now before us, involving, as it does, an animal not chargeable with the exercise of ordinary care for its own safety.

Not surprisingly, no case precisely in point on the facts has been cited, and our own research has disclosed none. However, a very similar situation existed in Shanley v. Hurley, 96 Vt. 119, 117 A. 250, 23 A.L.R. 261. In that case, an action for damages resulting from the deaths of a mare and colt when hit by a railroad train, against a defendant who had allegedly permitted them to escape through a hole in the pasture fence, the trial court sustained a demurrer to plaintiff's evidence. In reversing the judgment for defendant, the Vermont Supreme Court discussed arguments very similar to those made in the brief of defendant in the case now before us, and said:

"It is said in defendant's brief that there was no reason to expect that horses, escaping from the pasture where these did, would go on to the railroad track, because the railroad in that vicinity was 1,500 feet from the opening in the fence, and sunk in so deep a cut that an overpass or bridge was necessary to

cross it at grade of the highway bordered by the fence. But on the question of negligence and proximate cause this court has said: 'Its proximity has no necessary connection with continuity of space or nearness of time, but only with that of which the result is the natural and probable consequence in the sense that a prudent man ought to have foreseen it.'

"So, in the instant case, the defendant's negligence, if such it was, is not maintaining a legal fence at the point where the animals escaped, was the proximate cause of its natural and probable consequences, and whether their going upon the railroad track and being there killed by a passing train was the natural and probable consequence of such negligence, was a question of fact for the jury. It was not plain enough to be ruled on as a matter of law. * * *

"It is urged, however, that the act of the railroad company in killing the mare and colt was an efficient intervening cause, not under the control of defendant, and so the negligence of the latter, such as it was, was not the proximate cause of the injury. * * * Was this a mere condition on or through which the original negligence of the defendant operated to produce the injurious result? If, in the circumstances, the negligence of the defendant was such, according to the usual experience of mankind, as was calculated to bring on, produce, or cause the intervention of the subsequent cause of the railroad company's train colliding with the horses on its track, such intervening cause will not excuse the defendant, and the subsequent injury will be held to be the result of the original negligence, on the ground that he is responsible for all the consequences of his wrongful act which are natural and probable, and ought to have been foreseen by him as a prudent man, and the original act of negligence being regarded as continuous in its operation up to the time of the negligent act (if such it was) of the railroad company, for the purpose of fixing defendant's liability, the two acts are treated as concurrent. * * *"

We think the defendant here, in allegedly permitting the dog to escape through the unlatched gate, is in the same position as the defendant in *Shanley,* in permitting the mare and colt to escape through the hole in the fence, and that the reasoning of the Vermont Supreme Court in that case is applicable and controlling here. We therefore hold that the allegations in plaintiffs' amended petition, stated a cause of action and that the trial court erred in sustaining defendant's general demurrer to the petition.

The judgment is vacated and the cause is remanded to the trial court with directions to overrule both the special demurrer and the general demurrer, and proceed with the case.

DAVISON, C. J. and BERRY, HODGES, LAVENDER and DOOLIN, JJ., concur.

SIMMS, J., concurs in result.

BARNES, J., dissents.

BARNES, Justice (dissenting):

I cannot concur in the views of the Majority for the following reasons:

When the defendant's meter reader left the gate open, the dogs were not in the yard. Thus his negligence merely created a condition which was not the proximate cause of the loss of plaintiffs' Llewellin setter. Plaintiffs' own failure to check the gate before letting the dogs out of their "confinement" into their yard was the cause of their escape and the Llewellin setter's injury. See Cheatham v. Van Dalsem [Okl.1960], 350 P.2d 593:

"1. In a suit for damages for personal injuries, although the defendants may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury, it is the duty of the trial court to sustain the demurrer and enter judgment for the defendants.

"2. The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such condition is not the proximate cause of the injury.

"3. Where the admitted facts fail to show a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court."

The following from the body of the opinion again announces the well-settled rule of law in this State, to-wit:

"Conclusions

"[1, 2] In considering the issue involved, we must be cognizant of certain salient principles of law heretofore established, which are: That regardless of any negligence on part of a defendant and regardless of the extent of such negligence, no liability attaches unless the injuries complained of resulted directly and proximately from such negligence; that the proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury and if the negligence merely furnishes a condition by which the injury was possible and a subsequent act caused the injury, the existence of such condition is not the proximate cause of the injury; that if the facts do not disclose a causal connection between the act of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the court. See Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187; Sturdevant v. Kent, Okl., 322 P.2d 408; Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501; Larkey v. Church, 79 Okl. 202, 192 P. 569; Lynn v. Gessel Drilling Co., 172 Okl. 16, 43 P.2d 1019; Booth v. Warehouse Market, Okl., 286 P.2d 721; and Munroe v.

Schoenfeld & Hunter Drilling Co., 178 Okl.. 149, 61 P.2d 1045."

Even assuming that the question of proximate cause was for the jury, the question of exemplary damages is not submissible under the allegations of plaintiffs' petition. The petition alleged that the meter readers were requested to advise them of their presence so that they could secure their dogs to prevent the dogs from attacking the meter readers. Since, in the present case, the dogs were already confined or secured, the need for this notice was not required or necessary. Plaintiffs further alleged that defendant's meter readers were instructed to latch and secure the gate on leaving the premises and that on this occasion they failed to latch and secure the gate. Alleging negligence in failing to latch and secure a gate hardly satisfies the requirement under 23 O.S. 1971, § 9, which provides that exemplary damages may be awarded where the defendant is "guilty of oppression, fraud or malice, actual or presumed." Notice also the cases cited in the annotation at 1 A.L.R.3d 997, 1008ff.

I therefore respectfully dissent to the majority opinion.