**Woodrow and Lorene McCONNELL, Appellants,**

v.

**OKLAHOMA GAS AND ELECTRIC COMPANY, Appellee.**

No. 48757.

Supreme Court of Oklahoma.

April 12, 1977.

Rehearing Denied May 16, 1977.

McConnell & Prescott, Oklahoma City, for appellants.

H. D. Binns, Jr., Rainey, Wallace, Ross & Cooper, Oklahoma City, for appellee.

WILLIAMS, Justice.

Appellants brought this action to recover damages for the loss of their dog which escaped from their yard and was subsequently killed. The appellants' competent and relevant evidence reasonably tended to prove either directly or by permissible inference, the following: O.G. & E. and its agents (meter readers) had been repeatedly warned and requested to ring appellants' door bell before entering the appellants' yard and to latch the gate upon leaving. On one occasion the witness had seen an O.G. & E. employee walking from the east side of the yard (where there was no gate) to the west side causing her to believe he had climbed over the fence.

Appellants' evidence further showed that the gate in question was of a type to open and close but not of the swinging type that "had any kind of tension or torsion" on it or spring that would automatically shut it; that if it were pushed to but the latch did not catch, it would not be latched; that in order to open it, the latch had to be lifted and the gate opened with one's hands; that if the gate were latched the wind could not blow it open; that if the gate were just barely hooked or latched there was a possibility the wind could blow it open; that the gate is of a character that sometimes it is pushed to but not latched.

Appellants' gate had been latched before July 10, 1973. The dog had been out in the yard overnight July 9, 1973 and brought in around 8:30 A.M., and remained inside all day July 10, 1973, except when it and another dog were let out for a few minutes around 4:00 P.M. to eat their food during all of which time they were observed by the witness and after which they were brought right back into the appellants' home.

The evidence further showed that an O.G. & E. employee apparently read appellants' electric meter on July 10, 1973; appellants' dog in question was either in the house or directly observed by appellant from 8:30 A.M. till about 6:30 P.M. on July 10, 1973; the dog was let out of the house about 6:30 P.M. on July 10, 1973, and between then and 1:00 o'clock A.M. on July 11, 1973,

escaped. It was subsequently killed by an automobile on Northwest Highway in Oklahoma City.

Appellants' witness testified that at 1:00 o'clock A.M. on July 11, 1973 their yard gate appeared to have been opened but that it was then shut, whether it was fastened (latched) witness was not sure.

■ When appellants relied upon the foregoing evidence, the defendant demurred and the demurrer was sustained by the trial court. This case presents but one issue: Was there evidence presented by the plaintiffs from which a jury might properly find that the O.G. & E. meter reader left appellants' gate open and allowed appellants' dog to escape? There is not direct evidence to that effect, and we are of the opinion that sufficient elements of causation were not established from which the ultimate conclusion could be inferred.

That the employee was in plaintiff's yard to read the meter on July 10, 1973 is an inference drawn from the fact that O.G. &. E.'s documents indicated that the meter had been read. That the dog escaped through the open gate is an inference to be drawn from appellants' testimony that that was the only way that the dog could have escaped. From the inference that the meter reader went through the gate after reading the meter it would have to be inferred that he left the gate open which permitted the dog to escape somewhere between ten (10) and sixteen (16) hours later. It is here that appellants' proof fails.

In order to arrive at the necessary conclusion, one inference would have to be based and made to depend upon a precedent inference. A judgment reached in this manner under a factual situation such as we have here is not permitted in the law. "Such judgment would be the product of speculation on possibilities. The law requires that liability be established by something more tangible. Liability depends upon facts and reasonable inferences arising immediately out of the facts." *Lukenbill v. Longfellow Corporation,* 329 P.2d 1036, 1038 (Okl.1958).

Appellants argue that "The only inference that would have to be made is that defendant's meter reader left the gate to the enclosure open when he left the premises." Appellants further suggested "that the trial judge may have even reconsidered the question of proximate cause [automobile on highway] in sustaining defendant's demurrer to the evidence" and that "this issue was dealt with by this Court . . . on previous appeal." *McConnell v. O. G. & E.*, 530 P.2d 127 (Okl.1974).

■ Negligence may not be established by mere inference or conjecture. To warrant rendition of judgment based thereon evidence must establish essential facts as probably, not merely possibly being true. *Greyhound Corp. v. Gonzales De Aviles*, 391 P.2d 273, 274 (Okl.1963); *Beatty v. Dixon*, 408 P.2d 339, 344 (Okl.1965).

■ A causal connection between negligence alleged and injury sustained may be proved by circumstantial evidence. A plaintiff, in order to establish causal connection between defendant's alleged negligence and plaintiff's injury, need only make it appear, either by direct or circumstantial evidence, more probable that injury resulted in whole or in part from defendant's negligence than any other cause. He must, however, accomplish that. *Newberry v. Lancaster*, 391 P.2d 224, 229 (Okl.1964).

It might be asserted that the Oklahoma Court in some instances has approved the basing of inferences upon inferences, contrary to the truism that such may not be done.

■ An inference upon an inference is permitted, if the first inference is a justifiable conclusion from evidence, testimonial or circumstantial, and if the second inference is a justifiable conclusion from fist inference by itself or in connection with other evidence. *Gypsy Oil Co. v. Ginn*, 152 Okl. 30, 3 P.2d 714 (1931). ·*Metropolitan Paving Co. v. Puckett*, 10 Cir., 389 F.2d 1 (1968).

In *Gypsy Oil* Justice Swindall, 3 P.2d at pages 716 and 717, speaking for this Court illustrated instances where the statement

that one inference may not be based upon another will not always hold true.

In a quotation from Jones on Evidence at page 716 of the opinion wherein Jones was quoting from an opinion of Justice McCabe of the Indiana Supreme Court written in the case of the State attempting with circumstantial evidence to convict a husband of murdering his wife, it was stated:

"This process of tallying and confirming each circumstance by the others does not infringe the general rule that one inference cannot be based on another. There is an important exception to that rule, however. A fact in the nature of an inference may itself be taken as the basis of a new inference, whether intermediate or final, provided the first inference have the required basis of a proved fact. In short, it is not merely the sum of the simple probabilities created by the numerous individual circumstances pointing to and indicating the absence of burglars and all other human beings than appellant and his wife at the scene of the murder, but it is the compound ratio of them all, tallying with and confirming each other, that made them all strong enough, when considered together, to fully justify the jury in believing and finding that no burglars, and no other human beings than appellant and his wife, were present when she was shot; from which they had a right to conclude to a moral certainty [beyond a reasonable doubt] that appellant committed the murder."

We are of the view and hold that the evidence in appellant's favor with all reasonable inferences to be drawn therefrom, fails to support the allegation of their petition and is insufficient to withstand the defendant's demurrer to it. The trial court did not err in sustaining the demurrer. *Greyhound Corp. v. Gonzales De Aviles*, supra, syll. pgh. 2, & *Lowden v. Friddle*, 189 Okl. 415, 117 P.2d 533 (1941) syll., pgh. 2.

AFFIRMED.

LAVENDER, V. C. J., and DAVISON, BERRY and BARNES, JJ., concur.

SIMMS, J., concurs in result.

HODGES, C. J., and DOOLIN, J., dissent.