## TULSA STREET RAILWAY CO. v. ALMOND.

No. 14725—Opinion Filed Jan. 29, 1924.

**1. Street Railways—Duty of Care—Presumption that Traveler Will Remain in Safe Place.**

The motorman in charge of a street car who observes a member of the public traveling along the street in the clear, between street intersections, has the right to presume that the automobile driver will remain and continue in his course of travel in a place of safety.

**2. Same—Duty to One in Perilous Position.**

If a motorman in charge of a street car actually observes another in a perilous situation, who does not appear to be cognizant of the threatened danger, he must use that degree of care which an ordinarily prudent person would use under like circumstances to avoid injury to the exposed person.

**3. Same—Action for Injuries—Proof of Negligence.**

It is not enough to complete plaintiff's cause of action against the street car company for injury, to show that the street car was being run at an excessive rate of speed, and the gong not being sounded at the time and place where it is alleged the accident occurred, unless there is some causal connection between such alleged wrongs and the injury suffered by the plaintiff.

**4. Same—Insufficiency of Evidence.**

Record examined; held, to be insufficient to support the verdict for plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Enloe Vernor, Special Judge.

Action by Ervin J. Almond against the Tulsa Street Railway Company, for damages on account of personal injury. Judgment for plaintiff. Defendant brings error. Reversed and remanded.

A. F. Moss, L. G. Owen, and J. C. Farmer, for plaintiff in error.

Robinett & Ford and Leslie W. Lisle, for defendant in error.

Opinion by STEPHENSON, C. The evidence shows that this injury occurred between the street intersections in West Tulsa, along in the evening after dark. The plaintiff was a passenger on a jitney car traveling west and was seated so that he was riding partially out of the car on the left side. The street car involved in this accident was traveling east. There was sufficient drive-way between the street car tracks and the curbing for the passage of traffic with safety. The plaintiff for his cause of action alleged that the street car was being run at an excessive rate of speed in violation of the city ordinance, and that the motorman failed to sound his gong in violation of like rule. The plaintiff further alleged that an automobile was parked by the curbing on the north side of the street, along which the jitney was traveling. The plaintiff testified the automobile was traveling 10 or 15 miles per hour, and further alleged that as the jitney undertook to pass the parked automobile, it came in contact with the street car, resulting in throwing him to the ground with considerable injury. The jitney continued on its journey apparently without damage. It would appear from the testimony of the plaintiff and others that the jitney came so near the street car line that the street car raked the plaintiff from his seat in passing. There was evidently no collision between the automobile and street car. However, it would not be material whether the plaintiff fell to the ground by reason of a collision between the two cars, or was raked from his seat. The motorman in charge of the street car testified he saw the jitney traveling east and meeting him on the north side of the street car line, and traveling in a place of safety. The motorman further testified that

his first notice of anything out of the ordinary was when the automobile came in contact with the side of his car. In the trial of this cause judgment went for the plaintiff and defendant has appealed the cause to this court. Various proceedings had in the trial court are assigned as errors herein. Among the several errors assigned are: (1) Error of the court in overruling defendant's demurrer to the evidence of the plaintiff; (2) that the verdict and judgment is not sustained by sufficient evidence: (3) error of the court in refusing peremptory instruction in favor of the defendant. In considering the ruling on the demurrer and the action of the court in refusing the peremptory instruction, it will be necessary to examine the sufficiency of plaintiff's proof to constitute a cause of action. The cause of the injury was the result of the jitney passing on to the street car line, or so near it as to result in the plaintiff being raked from the automobile by the street car. The collision, if it might be termed so, occurred while the automobile and street car were in motion, by reason of the automobile suddenly turning south too near the track in order to pass the automobile which was parked by the curbing. It cannot be contended by the plaintiff that the motorman could have avoided the result of the sudden action of the driver of the automobile. It is true that the motorman testified that he saw the automobile approaching and traveling along the street in the clear on the north side of the street car track. The dangers of passing on to the street car track in front of a street car were just as apparent to the person in charge of the car as to the motorman, as the driver of the automobile was then traveling in a safe place. The motorman, so far as the record shows, was justified in believing that the person in charge of the automobile, in the exercise of his normal mentality, would continue driving in a place of safety. Therefore, the motorman was not called upon to bring his car under such control as might enable him to instantly stop the car. The same principles that were applied in the case of Buss v. C., R. I. & P. Ry. Co., 77 Okla. 80, 186 Pac. 729, ought to apply in this case, in relation to the care of the motorman towards the plaintiff, for the reason that the automobile was traveling in a safe place, and the motorman was justified in believing that it would so continue. It is true that the plaintiff alleges that the street car was being driven at an excessive rate of speed, and that the gong was not being sounded. In order for this allegation to avail plaintiff in this action, he must have further alleged that such acts on the part of the motorman were reasonably calculated to or did cause the jitney driver to approach so near the street car as to cause the plaintiff to be raked from the automobile. As the plaintiff was traveling in a clear space between the intersection of streets, we fail to see where the defaults charged to the motorman could have been the proximate cause of the driver passing between the parked automobile and the street car, resultng in the injury suffered by the plaintiff. In order for plaintiff to be entitled to recovery he must first show a legal duty owed him by the defendant, a breach of that duty on the part of the defendant through the negligence of the latter, and, third, resulting injury to the plaintiff. Kansas City Southern Ry. Co. v. Langley, 62 Okla. 49, 160 Pac. 451; C., R. I. & P. Ry. Co. v. Zirkle, 76 Okla. 298, 185 Pac. 329: M., K. & T. Ry. Co. v. Wolf, 76 Okla. 195, 184 Pac. 765; St. L. & F. Ry. Co. v. Jones, 78 Okla. 204, 190 Pac. 385.

The evidence in this case does not bring the plaintiff within the scope of the "last clear chance" doctrine for the reason that the plaintiff was traveling at all times in the clear until the accident happened. If the street car was traveling at the speed as claimed by the plaintiff, and the automobile was meeting the street car at the speed testified to by the plaintiff, during the time intervening between the time the automobile swerved to the south and the time of the collision, it would have been impossible for the motorman to have checked the speed of the car. It cannot be said that the presence of the parked automobile in connection with plaintiff's journey eastward, would charge the motorman with notice of any danger to the plaintiff, as the plaintiff was traveling in an easterly direction towards the parked automobile, in a safe place. The motorman was justified in presuming that the jitney would continue along a safe pathway of travel. This evidence does not bring the plaintiff's cause within the rule of "last clear chance" as laid down by this court. St. L. & S. F. Ry. Co. v. Clark, 42 Okla. 638, 142 Pac. 396; Hailey Ola Coal Co. v. Morgan, 39 Okla. 71, 134 Pac. 29; M., O. & G. Ry. Co. v. Lee, 73 Oklahoma, 175 Pac. 367.

Having reached the foregoing conclusions it would serve no useful purpose to consider further assignment of errors in this cause. The court committed error in refusing to sustain defendant's demurrer to the evidence and in refusing to direct a verdict for the defendant.

Therefore, it is recommended that this cause be reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.