PHILLIPS PETROLEUM CO.
v. ROBERTSON et al.

No. 34292. Feb. 12, 1952.

Rehearing Denied Aug. 19, 1952.

*247 P. 2d 501.*

Hudson, Hudson & Wheaton, Tulsa, for plaintiff in error.

Streeter Speakman, Jr., Sapulpa, and Lawrence Jones, Bristow, for defendants in error.

DAVISON, J. This is an action brought by the plaintiff, William Brown Robertson, to recover for personal injuries received in an automobile collision between his car and a truck belonging to the defendant Phillips Petroleum Company. The parties will be referred to as they appeared in the trial court. The other defendant, William McKinley Banks, the driver of another car, did not appeal from the judgment against him.

The defendant Phillips Petroleum Company, relying upon the insufficiency of the evidence, has appealed from an adverse judgment founded upon a jury verdict for plaintiff. The facts, although unique, are not involved or difficult.

At about 11:30 o'clock on the morning of March 27, 1948, the plaintiff was

driving his 1937 Dodge automobile in a westerly direction at a rate of speed of about 30 to 35 miles per hour along U. S. Highway No. 66 some 3 miles west of Sapulpa, Oklahoma. He was a United States mail carrier being transferred from Detroit, Michigan, to a town in California. Attached to his car was a trailer heavily loaded with personal effects. Riding with him were his wife and four children, the second oldest of whom, a son 14 years old, testified at the trial of this case in the lower court. At the same time and place, William McKinley Banks, a defendant in the trial court, was driving a Ford automobile in an easterly direction at a rate of speed of about 35 miles per hour. Riding with Mr. Banks were his three children, his father and a 13 year old niece who testified at the trial. Following the Banks car at near the same speed was a big International truck belonging to the defendant Phillips Petroleum Company, which, with the large winch loaded thereon, weighed in the neighborhood of twelve tons.

Plaintiff's car and the Banks car had approached each other to within about 25 feet when the left rear wheel came off the Banks car, rolled across the highway and struck the left front part of plaintiff's car just as the two were passing. Plaintiff saw the wheel immediately before it struck his car and, in an attempt to avoid it, pulled over to the right edge of the pavement. The impact of the blow knocked plaintiff's car out of control and it swerved over to the left side of the highway behind the Banks car which continued on down the highway approximately 150 feet. Immediately thereafter plaintiff's car collided almost head-on with the Phillips truck. As a result of the collision plaintiff suffered bodily injuries consisting of severe tears and lacerations of the left leg just below the knee, most of the skin torn off the right hand down to the tendons, severe fracture of the right wrist, a fracture and dislocation of the left hip which so nearly tore the sciatic nerve in two that there was a complete paral-

ysis of the leg for quite a while, and also there was a concussion which required several weeks to clear up. At the time of the trial, almost a year later, plaintiff was still on crutches with no assurance of when, if ever, he would recover sufficiently to discard them.

The record discloses considerable conflict in the testimony as to the distance between the Banks car and defendant's truck and also as to the speed of the latter. Much space and time is devoted by both parties relative to what each of the drivers did and what occurred between the time the wheel struck plaintiff's car and the time of the collision. It is undisputed that the truck had followed the Banks car at approximately the same distance for about two miles. The niece of Mr. Banks testified that they were traveling about 35 miles per hour. Therefore, all three vehicles were traveling at or near the same speed. Plaintiff testified that the wheel struck his car at the same time that the Banks car passed him. The highway patrolman testified that plaintiff's car traveled 29 feet after being struck and before the collision. The truck would have traveled about the same distance or a little more. Therefore, it was some 60 feet behind the Banks car. At the speed they were going this distance would have been covered by each vehicle in slightly more than a half second. Under the proof a driver could scarcely move his foot from the accelerator and start applying the brakes in that length of time. So, it is almost impossible to say that anything was done by plaintiff or by defendant's driver. We can conclude that the wheel struck plaintiff's car, the car swerved to the left of the road, the collision occurred. Anything else makes little difference in the legal conclusion which necessarily follows.

Regardless of any negligence on the part of defendant's agent and driver and regardless of the extent of such negligence no liability attaches unless the injuries complained of resulted directly and proximately therefrom.

Larkey v. Church, 79 Okla. 202, 192 P: 569; Tulsa Street Ry. Co. v. Almond, 97 Okla. 104, 222 P. 988.

"If the negligence complained of merely furnished a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury." Munroe v. Schoenfeld & Hunter Drilling Co., 178 Okla. 149, 61 P. 2d 1045.

The case of Richardson v. Parker, 205 Okla. 137, 235 P. 2d 940, recently decided by this court, was similar in many respects to the case at bar. Therein, two young boys were riding a bicycle, one on the seat, the other on the crossbars. They were coasting down a city street into its intersection with a state highway. Defendant's truck, traveling the highway on the side opposite the boys, was crossing the intersection in front of them. The boy on the seat jumped off and the bicycle, with the other boy on the crossbar, rolled across the highway and into the rear wheel of the truck causing the death of the child. The negligence alleged in that case was excessive speed of the truck in violation of state and local laws. In the opinion it was observed that:

"It seems apparent that at the time the bicycle was abandoned to a course across the highway the truck was in such place that collision would have occurred if the truck had been stopped altogether, and that the rate of speed of the truck at such time was immaterial as a cause of the injury."

It was there held that although the question of proximate cause is ordinarily considered to be a question of fact for the jury, if the facts are such that all reasonable men must draw the same conclusion, the question is one for the court.

To the same effect is the conclusion reached in the case of Norman v. Scrivner-Stevens Co., 201 Okla. 218, 204 P. 2d 277, wherein the following language was used:

"Another consideration always to be given to the question of whether negligence is the proximate cause of an injury is whether such negligence as the efficient cause was connected with another cause to produce the injury, or whether the injury resulted from the intervention of some new and independent cause, which was neither anticipated nor reasonably foreseeable, and which operated independently of the original negligence and without which the injury would not have occurred. In such instances the intervention of the new, independent, efficient cause of injury comes between the negligence and the injury, and by such intervention insulates the original negligence so as to relieve the one guilty of the original negligence from liability for the wrong which the party intervening directly produces. See Wharton, Law on Negligence (2nd Ed.) §134."

In the instant case, assuming that defendant was guilty of negligence as charged (and there is very little if any proof of such negligence), there was no showing that the injury to plaintiff resulted directly and proximately therefrom. The only conclusion that can be reached is that this very regrettable accident would have occurred regardless of what defendant's driver did or didn't do and that no act on his part could have prevented it. This being so, it was error for the trial court to overrule defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendant Phillips Petroleum Company.

HALLEY, V. C. J., and WELCH, CORN, JOHNSON, and O'NEAL, JJ., concur.