Mary Elizabeth BOOTH, by her next friend and stepfather, Willis C. Deitz and Willis C. Deitz, in his individual capacity, Plaintiffs in Error,

v.

WAREHOUSE MARKET, Inc., a Corporation, Myrtle Mae Thomas and Roger Lee Thomas, Defendants in Error.

No. 36602.

Supreme Court of Oklahoma.

July 19, 1955.

Paul W. Brightmire, Joe Francis, Tulsa, for plaintiffs in error.

Houston, Klein, Melone & Davidson, Henry Kolbus, Tulsa, for defendants in error.

DAVISON, Justice.

This is an action, brought by the plaintiffs, Mary Elizabeth Booth, by her next friend and stepfather, Willis C. Deitz, and Willis C. Deitz in his individual capacity, against the defendants, Warehouse Market, Inc., Myrtle Mae Thomas and Roger Lee Thomas, to recover damages for personal injuries received by Mary Elizabeth Booth when struck by a car being driven by Myrtle Mae Thomas in a parking lot owned and maintained by Warehouse Market, Inc. The parties will be referred to as they appeared in the trial court.

On the afternoon of June 14, 1952, Mr. and Mrs. Deitz and their four children, riding in a pick-up truck, drove into the parking lot maintained by the Warehouse Market, Inc., for use by its customers. That was in Tulsa, Oklahoma. The parking area was filled to near capacity and Mr. Deitz drove the truck to the extreme east end of the south row of parked automobiles. The children were wanting ice cream, so Mr. Deitz and the daughter, Mary Elizabeth, then nine and one-half years old walked through the parking lot to the large super market operated by the corporate defendant to get the ice cream. Mrs. Deitz remained at the car with the other children. Mr. Dietz brought four ice cream confections which he gave to the child to carry to the car. Her mother met her on the sidewalk and walked part way back with her. Mrs. Deitz then told her to cross the other lanes to the truck but to, first, look in both directions before crossing. Mrs. Deitz then turned and started into the store to meet Mr. Deitz and to do her shopping. She heard a scream. Mary Elizabeth had been struck by an automobile driven by the defendant, Myrtle Mae Thomas. The child received multiple injuries including a fractured leg.

On February 5, 1953, this action was filed against the warehouse company and the Thomas girl. The latter did not appear or file pleading and default judgment was rendered against her in the amount of $5,711.50 from which no appeal was taken. As to the corporate defendant, the trial court sustained its demurrer to plaintiffs' evidence and this appeal has been perfected from the judgment thereon.

Plaintiffs' theory of the case was that "The injury to the little girl plaintiff * * was caused by the conjoint negligence of the Warehouse Market and of Myrtle Mae Thomas." It is insisted that the Warehouse Market was negligent in that it had so arranged the parking lot that a crowded and congested condition existed which was dangerous and hazardous to pedestrians because the parking lanes were too close together and parked rows of cars obscured the vision of moving cars. Other acts of negligence asserted were that no cross walks were provided for pedestrians and that there was no police attendant present and no zone marked off for pedestrians and,

also, that said defendant had allowed its one way signs and one way arrows to become destroyed so that the Thomas girl did not know she was traveling the wrong way in a one way lane of traffic.

The only direct testimony in the record as to what happened was that of the Thomas girl, one of the defendants. She testified that she drove her car into the south traffic lane of the parking lot in an easterly direction and, at about the middle thereof, she turned north into a parking space where she left the car and went into the store. When she returned, she drove forward into the north traffic lane and went east to the end. There, she turned around the parked cars into the south lane going west. She progressed a short distance and, at the time she was shifting gears from low to second, she saw the flying hair and top of the head of plaintiff immediately in front of her car. She stopped as suddenly as possible but, by that time, had already struck plaintiff. Plaintiff had come out, from between parked cars, into the path of the Thomas girl's car.

Another witness, who was carrying groceries to his car heard the plaintiff scream. He saw her as she was struck and fell backward on the driveway. In addition to the testimony of these and other witnesses, plaintiff tendered proof that previously the Warehouse Market had traffic markings on the lanes in the parking lot and that these had worn off and had become obliterated; also, that said defendant had previously employed an attendant to direct traffic but that none was there at the time of the accident; and that, because of the number of cars and the mode of parking, the lot was hazardous for pedestrians. An objection to the testimony along that line was sustained by the trial court.

In support of her contention that the trial court erred in sustaining the demurrer to the evidence, plaintiff cites numerous cases decided by this court. An examination of these cases reveals very marked distinctions between them and the case at bar. The particularly obvious distinction is that, in the cited cases, no force or condition entered into the situation other than that created or under the control of the defendant.

At first blush, the case of Champlin Hardware Co. v. Clevinger, 158 Okl. 10, 12 P.2d 683, might seem to differ from that conclusion. There, plaintiff was injured when hit with a golf club being swung by another customer. However, the customer was doing the thing that the proprietor had invited him to do and had prepared a place especially for its doing. In the case at bar, the question is, not whether the danger was so apparent that plaintiff assumed the risk, but, rather, whether the injury to plaintiff proximately resulted from negligence of defendant.

 The rules of law applicable to the facts in the case at bar are stated in the case of Billy v. Texas, O. & E. R. Co., Okl., 263 P.2d 187, as follows:

"In a suit for damages for personal injuries, although the defendant may be shown to have been negligent in some manner, yet, unless the negligence so shown was the proximate cause of the injury complained of, no recovery can be had on account of such negligence.

"The proximate cause of any injury must be the efficient cause which sets in motion the chain of circumstances leading to the injury; if the negligence complained of merely furnishes a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury.

"Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the trial court.

"In an action founded upon the law of negligence when the evidence and any permissive inference does not show a causal connection between the negligence charged and the injury, or that any asserted negligence was the proximate cause of the injury it is the duty of the court to sustain defendant's demurrer to plaintiff's evidence and to render judgment for the defendant."

The cited case followed the line of reasoning contained in the case of Phillips Petroleum Co. v. Robertson, 207 Okl. 80, 247 P.2d 501, 503, and numerous other earlier cases in this court. In the case at bar, the same as in those cases, the negligence of defendant, if any, merely "furnished a condition by which the injury was possible and a subsequent independent act caused the injury." Phillips Petroleum Co. v. Robertson, supra. Therefore, the existence of such condition was not the proximate cause of the injury and the Warehouse Market was not liable therefor.

With this conclusion reached, it is unnecessary to discuss the rejection of the proffered evidence. Additional testimony that the condition was hazardous would not change the result since plaintiff's injuries were not proximately caused thereby but resulted directly from the acts of the defendant against whom judgment was rendered.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY and BLACKBIRD, JJ., concur.