J. M. STURDEVANT, a sole trader doing business as J. M. Sturdevant Company and Willie Sollee, Plaintiffs in Error,

v.

B. W. KENT, Defendant in Error.

No. 37854.

Supreme Court of Oklahoma.

Feb. 25, 1958.

**409**

in entrance into the school grounds. A fresh dirt fill had been softened by rain the previous night and, as Sollee attempted to drive into the school ground, the truck mired down and was stuck. He backed it out where the rear wheels were on the shoulder of the paving and the rear of the truck out in the street several feet. Sollee, then, took the material and equipment out of his truck and carried the same up onto the roof of the school where he continued working. A short time thereafter, plaintiff drove his pick-up south on 15th street and collided with the rear part of defendant's truck which was out in the street. Plaintiff brought this action to recover for the damage done to his truck, founding the same upon an alleged violation, by defendant, of a city ordinance requiring motor vehicles to be parked in a parallel position and not as an obstruction to travel. Trial to a jury resulted in verdict and judgment for plaintiff for $860 from which defendants have appealed.

Assuming that defendant, Sollee, had parked his pick-up in a manner which was in direct violation of the ordinance, "whether classified as evidence of negligence, as prima facie evidence of negligence, or as negligence per se, (it) can give rise to recovery for injuries allegedly due to such violation only where the violation is the proximate cause of the injury." 17 A.L.R.2d 586; Oklahoma Power and Water Company v. Howell, 201 Okl. 615, 207 P.2d 937. In the case of Phillips Pet. Co. v. Robertson, 207 Okl. 80, 247 P.2d 501, a number of the earlier cases are cited supporting the well established rule that,

"If the negligence complained of merely furnished a condition by which the injury was possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

It was also therein pointed out,

"That although the question of proximate cause is ordinarily considered to be a question of fact for the jury,

Harbison & Whiteside, Altus, for plaintiffs in error.

Cecil R. Chamberlin, Frederick, for defendant in error.

DAVISON, Justice.

In this action, the plaintiff B. W. Kent, seeks recovery, from the defendants, J. M. Sturdevant and Willie Sollee, for damage to his pick-up truck, resulting from a collision with defendant's pick-up truck. The parties will be referred to in the same order in which they appeared in the trial court.

Sollee, an employee of Sturdevant, was engaged in repairing a roof on the school building in Frederick, Oklahoma. At about eight o'clock on the morning of October 5, 1955, he drove Sturdevant's pick-up truck, loaded with tools and roofing materials, south on 15th street in said city to a drive-

if the facts are such that all reasonable men must draw the same conclusion, the question is one for the court."

■ In the case at bar, defendant's truck extended out onto the pavement not to exceed six feet. It occupied no greater part of the street than it would have occupied had it been parked in a parallel position. The pavement was eighteen feet wide. The remaining twelve feet were unobstructed and no other vehicle was in the vicinity. Plaintiff testified as to what he did as follows:

"Q. You say you saw the truck three hundred feet away and you just assumed it was pulling in the driveway? A. I assumed it was pulling in the driveway.

\* \* \* \* \* \*

"Q. You saw it when you were three hundred feet from it and you paid no further attention until it was too late to avoid hitting it? A. Not any particular attention until I was right on it.

"Q. You say you assumed the truck was pulling into the school ground and would get out of your way? A. I assumed it was pulling, in, like they go in and out. I assumed the man was pulling in and never paid any attention."

Plaintiff further testified that "I just taken it for granted it was a truck pulling in at the school yard; they usually are going out and in. I never paid no particular attention; I would say, well, I apparently looked off." Plaintiff also testified on cross examination that, "if I hadn't—apparently hadn't looked off I could have missed the truck."

■ This testimony pin points the proximate cause of the collision. Plaintiff just didn't look where he was going. ...Driving an automobile in such a manner constitutes nothing more nor less than an invitation to disaster. The situation is clearly within range of application of the rule of law stated in Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., sec. 2641, that,

"A motorist colliding with an automobile parked on the highway is guilty of negligence proximately causing the collision if he could have seen the parked automobile in time to avoid the collision."

The trial court erred in refusing to direct a verdict in favor of the defendants. Under the circumstances, the other propositions need not be discussed.

The judgment is reversed with directions to enter judgment for defendant.

CORN, V. C. J., and JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.