John Dudley E. RYEL, Appellee,

v.

B. F. WALKER, INC., a corporation, et al., Appellants.

No. 46186.

Supreme Court of Oklahoma.

Oct. 15, 1974.

Ed Moore, Ginder & Moore, Cherokee, for appellee.

Ross, Holtzendorff & Bond, William W. Wiles, Jr., Oklahoma City, for appellants.

WILLIAMS, Vice Chief Justice.

In the trial court, plaintiff Ryel sued the defendants, Bobby Gene McAlvain, B. F. Walker, Inc., and Aetna Casualty and Surety Company, for damages resulting from a "rear end" accident.

Two truck-trailer combinations were involved in the accident, which occurred when plaintiff Ryel drove his vehicle into the illegally parked truck-trailer driven by defendant McAlvain. B. F. Walker, Inc., a motor carrier, was McAlvain's employer, and Aetna was the employer's insurance carrier.

Verdict and judgment were for plaintiff and defendants appeal.

In this Court, defendants argue, among other things, that there was no evidence that McAlvain's negligence proximately caused, or contributed to the proximate cause of, the accident, and that the trial court therefore erred in overruling defendants' demurrer to the evidence and motion for directed verdict.

The evidence on this question was without conflict, and the argument must be sustained.

The accident happened on Main Street (U. S. Highway No. 81) in Kingfisher, Oklahoma, shortly after noon. The sky was clear and visibility was unrestricted. At the point where the accident happened, Main Street, which runs north and south, has four 12-foot traffic lanes, two in each direction, with a 4-foot wide brick median in the center. Defendant McAlvain's truck was parked in the right hand, or outside lane for northbound traffic.

Plaintiff's own uncontradicted testimony was that the road was straight with visibility unrestricted from a point about 1600 feet south of the scene of the accident; that as he approached the scene, northbound, he was going about 35 or 40 miles per hour; that at that speed he could have stopped within about 90 or 100 feet; that he first observed defendant's truck when he was still about 600 feet away; that he "probably observed it" two or three more times before the accident; that he did not begin to apply his brakes until he was about 60 or 70 feet from defendant's vehicle; that he did not take "evasive action" because he would have hit vehicles in the southbound lanes of traffic.

The acts of negligence alleged as against defendant McAlvain were all based on the fact that he had illegally parked his vehicle in violation of statutes and Kingfisher ordinances.

In Sturdevant v. Kent, Okl., 322 P.2d 408, this Court held:

"2. Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom, the existence of proximate cause is a question of law for the trial court.

"3. A motorist colliding with an automobile parked on a city street is guilty of primary negligence proximately causing the collision if he could have seen the parked automobile in time and could have avoided the collision.

"4. In an action founded upon the law of negligence when the evidence, together with all permissive inferences, does not show a causal connection between the negligence charged and the injury, or that any asserted negligence was the proximate cause of the injury, it is error for the trial court to deny a motion for an instructed verdict for the defendant."

See also Mote v. Hilliard, Okl., 358 P.2d 844; Pepsi-Cola Bottling Co. v. Von Brady, Okl., 386 P.2d 993; and Thur v. Dunkley, Okl., 474 P.2d 403.

In Sturdevant, as in the case now before us, the allegations of negligence as against the defendant were based upon the fact that he had illegally parked his vehicle. As we have seen, in this case the uncontradicted evidence was not only that plaintiff "could have seen", but that he actually did see the parked vehicle more than once in time to have moved into the left hand (in-

side) lane for northbound traffic, in which case he would have had at least a 4-foot margin of safety insofar as southbound vehicles were concerned. The suggestion in plaintiff's brief that he had to watch a car that was passing him is not supported by the record; the only evidence in that regard was plaintiff's testimony that a car passed him "As I was coming into Kingfisher * * *."

We hold that the evidence, with all premissive inferences, does not show that defendants' negligence was the proximate cause of plaintiff's injury; on the contrary, plaintiff's own testimony shows conclusively that the proximate cause was his own primary negligence.

The application for certiorari is granted; the judgment of the Court of Appeals is vacated; the judgment of the trial court is reversed and the cause is remanded with directions to enter judgment for defendants.

DAVISON, C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, J., dissents.