2006 OK CIV APP 151

**Matthew W. WASSON, Plaintiff/Appellant,**

v.

**Carroll M. SHOFFNER, Shoffner Ranch, Inc., a foreign corporation, Defendants/Appellees,**

and

**Kelley Engineering & Associates, Inc., an Oklahoma corporation, Defendant.**

No. 102,517.

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 29, 2006.

Certiorari Denied Dec. 4, 2006.

Belinda E. Aguilar, Paul F. Prather, Feldman Franden Woodard Farris & Boudreaux, Tulsa, OK, for Appellant.

Thomas J. McGeady, Logan & Lowry, LLP, Vinita, OK, for Appellees.

JOHN F. REIF, Judge.

¶ 1 This appeal arises from a suit brought by Matthew Wasson to recover damages he sustained in a motor vehicle collision. The accident occurred at an uncontrolled intersection of two rural roads in Okmulgee County. Plaintiff Wasson sought recovery from a nearby landowner who had recently hired and paid for improvements to the intersection and the roadways leading to the intersection. Plaintiff Wasson alleged that the intersection was uncontrolled and dangerous due to the negligence of the landowner or its contractor. Plaintiff Wasson alternatively contended the landowner or its contractor (1) removed or knocked down existing stop signs, (2) failed to place stop signs at the intersection as required by an Okmulgee County resolution governing development activity, and (3) failed to provide traffic control devices to guide traffic through the site of the improvements.

¶ 2 Landowner moved for summary judgment, contending it was uncontroverted that (1) Okmulgee County had never placed or authorized stop signs at the intersection, (2) the road and intersection improvement was not *subdivision* development that was governed by the Okmulgee County resolution, and (3) the accident occurred at a time (10:15 p.m.) when no improvement activity was taking place, and traffic had unimpeded use of the roadways and intersection. The trial court granted the summary judgment, specifically ruling "defendants have no duty or obligation to install traffic signs [and] the cause of the accident is not the fault of the defendant[s]."

¶ 3 "Whether a defendant stands in such relationship to a plaintiff that the law will impose upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff is a question for the court." *Wofford v. Eastern State Hospital,* 1990 OK 77, ¶ 10, 795 P.2d 516, 519 (citation omitted). In view of the applicable law, we hold the trial court correctly concluded defendant landowner had no duty to install traffic signs at the intersection.

¶ 4 The legislature has expressly provided that "[n]o person shall place, maintain or display upon or in view of any highway any unauthorized sign ... which attempts to direct the movement of traffic." 47 O.S.2001 § 11–206(a). The term "highway" as used in Title 47 of the Oklahoma Statutes means "[t]he entire width between the boundary lines of *every way publicly maintained* when any part thereof is open to use of the public for purposes of vehicular travel." 47 O.S. 2001 § 1–122 (emphasis added). The county roads in question are "highways" governed by § 11–206(a) and the landowner could not place any signs attempting to direct the movement of traffic on such roads without authorization.

¶ 5 In the case at hand, the north-south road crossing the intersection in question lies on the county line boundary between Okmulgee County and McIntosh County. The east-west road crossing the intersection lies in Okmulgee County to the west of the intersection and in McIntosh County east of the intersection. The affidavit of the McIntosh County Commissioner stated that Okmulgee County maintained the north-south road through the intersection and up to a north-south drainage pipe that runs under the east-west road in McIntosh County.

¶ 6 If we assume for purposes of summary judgment that Okmulgee County and McIntosh County authorized the landowner to improve the intersection and roadways leading to it, then any duty on the part of the landowner regarding signs is the same as the law may impose upon Okmulgee County and McIntosh County under similar circum-

stances. To be sure, the legislature has authorized local authorities, such as the County Commissioners for Okmulgee and McIntosh Counties, to erect stop signs or designate stop intersections. 47 O.S.2001 §§ 15–102(a)(6) and 15–108. However, the legislature has also made it clear that a governmental entity incurs no negligence liability for the failure to initially place any signs, signals, or warning devices. 51 O.S.2001 § 155(15).

¶ 7 The McIntosh County Commissioner did not state, and the record is otherwise silent, that McIntosh County erected a stop sign to control westbound traffic leaving McIntosh County and entering the intersection. More importantly, Landowner's uncontroverted facts show that the Okmulgee County Commissioner responsible for the roads and intersection did not authorize a stop sign regulating southbound traffic and that no county employee under his supervision erected, observed or maintained a stop sign regulating southbound traffic during his tenure.

¶ 8 There is simply no evidence that there ever was an *authorized* stop sign controlling southbound traffic (the direction of travel of the car that hit plaintiff Wasson's pickup), or one that controlled westbound traffic (the direction of travel of plaintiff Wasson's pickup). Given the fact that neither Okmulgee County nor McIntosh County had any duty to erect a stop sign regulating southbound and westbound traffic respectively, the landowner improving the roads and intersection had no delegated or derivative duty to do so either.

¶ 9 Similarly, in making improvements to the intersection and roads leading to it, landowner would have the same duty as Okmulgee County and McIntosh County to erect, or cause to be erected, traffic control devices to warn and guide the public when performing construction, repair and maintenance of any highway under traffic. 47 O.S.2001 § 11–1302(c). However, the undisputed facts show that landowner was *not performing* construction, repair or maintenance under traffic at the time of the accident (10:15 p.m.), and that motor vehicles had unimpeded use of the roadways and intersection. In other words, there was no activity that affected the public's use of the roads and intersection. Likewise, there is nothing in the record to show

that any particular improvement made by landowner contributed to the accident.

¶ 10 Insofar as plaintiff Wasson has contended that an Okmulgee County resolution required developers to install stop signs on streets they construct, it is sufficient to note that the resolution by its express terms applies to the development of subdivisions in Okmulgee County. The landowner in the case at hand was not a developer providing streets in a subdivision. In a few words, the resolution provides no basis to impose a duty upon defendant landowner.

¶ 11 Finally, the absence of stop signs or warning signs was nothing more than a condition, and not a cause of the accident. Uncontrolled intersections on rural county roads in Oklahoma are common place. As previously discussed, the legislature has not imposed a duty on local authorities to place signs at such intersections and has relieved governmental entities from liability if they choose to leave such intersections uncontrolled.

¶ 12 More importantly, the legislature has prescribed the measure of care to deal with the danger of uncontrolled intersections and placed the duty on motorists who approach such intersections to yield right-of-way. The rule of right-of-way is found in 47 O.S.2001 § 11–401(B):

> When two vehicles enter or approach an intersection from different highways at approximately the same time, . . . the driver of the vehicle on the left shall yield to the driver of the vehicle on the right.

This measure of care and duty is also supplemented by the statutory duty to keep a lookout ahead, consistent with the safety of other vehicles and persons who might be using and traveling upon a street or highway. *Townley's Dairy v. Creech*, 1970 OK 103, ¶ 14, 476 P.2d 79, 82–83.

¶ 13 Whether physical circumstances that affect the operation of a motor vehicle are a cause of an accident, or a condition that merely makes an accident possible, is a question of law where there is no dispute in the evidence. *Booth v. Warehouse Market*, 1955 OK 215, ¶ 8, 286 P.2d 721, 723. In *Booth*, the plaintiffs sought to hold the business liable

for a car-pedestrian accident in the business's parking lot. The plaintiffs alleged the business was negligent because "parked rows of cars [in the business parking lot] obscured the vision of moving cars[,] no cross walks were provided for pedestrians [and] defendant had allowed its one way signs and one way arrows to become destroyed so that [the co-defendant driver] did not know she was traveling the wrong way in a one way lane of traffic." *Id.* at ¶ 4, 286 P.2d at 722–23. The plaintiff offered evidence on all of these points. The trial court sustained the business's demurrer to plaintiff's evidence. The Oklahoma Supreme Court affirmed, because "the negligence of defendant, if any, merely 'furnished a condition by which the injury was possible and a subsequent independent act caused the injury.'" *Id.* at ¶ 9, 286 P.2d at 724 (citation omitted).

¶ 14 The third syllabus in *Booth* states: "Where the admitted facts fail to show a causal connection between the acts of negligence and the injury alleged to have resulted therefrom the existence of proximate cause [including condition] is a question of law for the trial court." *Id.* at ¶ 0, 286 P.2d at 721–22. We see little difference between the alleged negligence of the business defendant in the *Booth* case and the alleged negligence of the landowner in not providing stop signs or signs warning that the intersection was uncontrolled. The absence of such signs under the circumstances of this case was merely a condition as a matter of law.

¶ 15 Summary judgment was proper on the grounds stated by the trial court. Accordingly, the summary judgment in favor of defendant landowner is affirmed.

¶ 16 AFFIRMED.

RAPP, V.C.J., and GABBARD, P.J., concur.