OSCN Found Document:SAUNDERS v. SMOTHERS

 

 
 

 
 SAUNDERS v. SMOTHERS
2019 OK 54
Case Number: 116052
Decided: 09/10/2019
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2019 OK 54, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

SHALALAH SAUNDERS, Plaintiff/Appellant,
v.
MARCELLA SMOTHERS, an individual, Defendant/Appellee,
and
JOHN DOE, an individual; JANE DOE, an individual; and agents, property owners, managers, and associates, Defendants.

ON WRIT OF CERTIORARI TO THE 
COURT OF CIVIL APPEALS, DIVISION NO. II

Â¶0 Action was brought against landlord for injuries sustained by tenant when she fell while transporting heated water from the kitchen to the bathroom after hot water heater was inoperable for four days. The district court granted landlord's motion for summary judgment finding that landlord owed no duty of care to maintain a hot water heater. The Court of Civil Appeals affirmed.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF 
THE COURT OF CIVIL APPEALS VACATED; JUDGMENT 
OF THE DISTRICT COURT IS REVERSED AND REMANDED 

Aaron D. Johnson, JAGERS & JOHNSON, ATTORNEYS AT LAW, PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellant,

Steven Daniels, LAWSON & DANIELS, P.L.L.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

OPINION

EDMONDSON, J.:

Â¶1 Shalalah Saunders (Tenant) initiated this negligence action against her landlord Marcella Smothers (Landlord) who left Tenant's hot water heater inoperable for more than a week. Tenant alleged that Landlord owed her a duty of care to provide hot water, Landlord breached that duty, and this breach was the proximate cause of her subsequent injuries. Landlord denied owing any such duty to Tenant, asserting that providing running hot water in a leased home was a mere convenience. Tenant sought damages for third degree burns she sustained while carrying boiling hot water so she could take a bath. Landlord argued that because she had no legal duty to provide hot water, Landlord could not be liable to Tenant in negligence. The district court granted Landlord's motion for summary judgment finding that she owed no duty to Tenant to maintain the hot water heater and further that Landlord's failure to repair was a mere condition and not the proximate cause of Tenant's injuries. The Court of Civil Appeals affirmed the summary judgment on the ground that Landlord owed no duty to Tenant under the circumstances of this case, but the appellate court did not address any other findings made by the district court.

Â¶2 We reverse the judgment of the district court, vacate the opinion of the Court of Civil Appeals and hold that Landlord owed a general duty of care to Tenant to "maintain the leased premises, including areas under the tenant's exclusive control or use, in a reasonably safe condition." Miller v. David Grace, Inc., 2009 OK 49, Â¶ 11, 212 P.3d 1223, 1227. We hold that as a matter of law, under these facts, Landlord's general duty of care to Tenant specifically included maintaining a hot water heater in an operable condition. We further hold that it is a fact question for the jury to decide the following: (1) whether Landlord breached that duty, and if so, (2) whether the landlord's failure to repair was the proximate cause of Tenant's accident and subsequent injuries. Schovanec v. Archdiocese of Oklahoma City, 2008 OK 70, Â¶ 41, 188 P.3d 158, 173.

BACKGROUND AND PROCEDURAL HISTORY

Â¶3 The facts and circumstances giving rise to Tenant's allegations of negligence against Landlord are established by the summary judgment filings. We ascertain the following undisputed facts and admissions from Landlord's motion for summary judgment and from deposition testimony of Tenant and Landlord.

Â¶4 Tenant leased a house from Landlord where Tenant lived with her two children, ages three and seven years old. On October 20, 2011 Tenant discovered that she had no running hot water in her home due to a problem with the hot water heater. On that same day, around 6 p.m., undisputedly Tenant notified Landlord and requested that Landlord light the hot water heater; Landlord failed to do so.[1] Landlord replied that "she would see what she could do."[2] Four days later, on October 24, 2011 there had been no attempt by Landlord to repair the hot water heater; Tenant still had no running hot water in the home and she needed to take a bath. She ran cold water in the tub and then boiled water in a pan on the kitchen stove to pour into the bathtub to create a warm bath. While carrying the pan of water from the kitchen to the tub, Tenant slipped and fell causing the heated water to spill over her body. Tenant alleged that she received third degree burns and she was hospitalized for over one month as a result of these injuries.[3]

Â¶5 Both Landlord and Tenant were participants in the Oklahoma Housing and Finance Agency (OHFA) program. Landlord admitted that she was subject to the rules and regulations of the OHFA and its programs with respect to the home leased by Tenant. On October 25, 2011 OHFA notified Landlord by letter that the home leased by Tenant "does not meet the Housing Quality Standards set forth by the Department of Housing and Urban Development (HUD)" for the violation of "no running hot water."[4] In fact, OHFA declared that the lack of hot water in Tenant's home created a "serious health hazard" to Tenant and her family stating:

Because the deficiency(ies) is a serious health hazard to the family occupying the unit, the deficiency(ies) must be corrected within 24 hours of the date of this letter in order for assistance to continue on the unit. OHFA must receive a registered letter no later than October 28, 2011 with proof the deficiency(ies) was corrected within the prescribed time.

If the information is not received by the due date, the Housing Assistance Payment Contract on behalf of the tenant will be terminated effective November 30, 2011.[5]

Â¶6 Landlord's first attempt to repair the hot water occurred on October 28, 2011, eight days after being notified and only after receiving the demand letter from OHFA. Until that time, Landlord's only response was she "would see what she could do." OHFA had directed Landlord to correct the problem within 24 hours of the date of the letter or her OHFA benefits would be in jeopardy. Landlord responded by writing a letter to OHFA dated October 28, 2011 advising the agency that she did not get OHFA's letter until that very morning. Landlord reported that she attempted to re-light the pilot light at 5:40 p.m. on October 28 but she was unsuccessful. Landlord further advised OHFA that she then contacted a plumber to repair the hot water heater. Thus, Landlord's first attempt to correct this problem occurred eight days after Landlord was aware of the problem and four days after Tenant received serious injuries.

Â¶7 Although Tenant asserted three causes of action against Landlord, she dismissed one, leaving two viable claims. First, Tenant claimed that Landlord owed her a duty of care to keep her leased premises in a habitable condition, Landlord breached that duty by failing to maintain the hot water heater, and Tenant's injuries were proximately caused by this breach. Second, Tenant claimed that Landlord failed to comply with the OHFA's requirements for habitable housing rendering Landlord liable to Tenant through negligence per se. Tenant sought actual and punitive damages.

Â¶8 Landlord denied that Tenant had a viable cause of action and requested summary adjudication asserting there were no material facts in dispute. Landlord did not dispute the following material facts: (1) the pilot light on Tenant's water heater went out on Thursday, October 20, 2011; (2) Tenant contacted the Landlord around 6 p.m. that same night to advise she had no hot water and requested that the water heater be lit and Landlord failed to do so; (3) On October 20, Landlord's only response was that she would see what she could do; (4) By October 24, the day of the accident, Landlord had done nothing to replace or repair the hot water heater and Tenant used only unheated water until that day; (5) Tenant suffered burn injuries when she fell carrying heated water; (6) Tenant disputed that the water was boiling, but asserted she waited 10-15 minutes after boiling before transporting it.

Â¶9 Landlord claimed she was entitled to judgment as a matter of law asserting the following arguments: (1) Landlord owed no duty to protect Tenant from her alleged injures relying solely on the holdings in Lowery v. Echostar Satellite Corp., 2007 OK 38, 160 P.3d 959[6]; (2) Landlord's negligence, if any, only created a condition and was not the proximate cause of Tenant's injuries, citing Sturdevant v. Kent, 1958 OK 48, 322 P.2d 408; Tomlinson v. Love's Country Store, 1993 OK 83, 854 P.2d 910, 916; and (3) Tenant assumed the risk of a known danger by carrying a pan of boiling water and thus, Landlord had no duty to protect her from the risk, Thomas v. Holiday, 1988 OK 116, n. 16, 764 P.2d 165, Byford v. Town of Asher, 1994 OK 46, Â¶ 13, 874 P.2d 45. Landlord argued that Tenant's injuries had "nothing to do with whether the premises were safe or habitable or whether the defendant provided hot water."[7] In fact, Landlord urged that any alleged failure by Landlord to repair the hot water heater and to provide hot water "changed nothing with respect to the safety of the premises and merely resulted in a condition where there was only harmless cold water."[8] Landlord's argument failed to consider whether Tenant's actions were foreseeable under these circumstances. We have recognized that it is a question for the jury "whether a negligent event's injurious consequences could have been reasonably foreseen." Schovanec, 2008 OK 70 at Â¶ 41, 188 P.3d at 173.

Â¶10 Tenant asserted that Landlord was not entitled to summary relief arguing as follows: (1) Landlord owed a general duty of care to maintain her leased premises which included the hot water heater, Miller, 2009 OK 49 at Â¶ 24, 212 P.3d at 1230; (2) Landlord breached her duty when she failed to repair the hot water heater for four days after being notified; and (3) it is a question of fact for the jury to determine whether any such breach was the proximate cause of Tenant's injuries and whether Tenant's actions and subsequent injuries were foreseeable in light of Landlord's failure to act, citing Bennet M. Lifter, Inc., v. Varnado, 480 So.2d 1336 (Fla. 1985). The Varnado court held that it was a question of fact for the jury as to whether a landlord's failure to repair a hot water heater within three days was the proximate cause of the severe injuries to a child tenant who received extensive burns when boiling water accidentally spilled on him when his grandmother was transporting the heated water to the bathtub.

Â¶11 Tenant also responded to Landlord's argument that the inoperable water heater was simply a mere condition, and the proximate cause was Tenant's failure to exercise the care required to keep from falling when carrying the heated water. Landlord correctly noted that the question of proximate cause is ordinarily considered to be a question of fact for the jury. However, Landlord went on to argue that the facts in this matter are such that when"all reasonable men must draw the same conclusion, the question is one for the court."[9] Landlord argued that there was only one conclusion to be drawn; that the inoperable water heater had no reasonable connection to Tenant's boiling and carrying water for a warm bath. We disagree in light of the facts before us.

Â¶12 Tenant responded that the "intervention of independent intervening cause does not break the causal connection if the intervention of such forces was itself probable or foreseeable." Varnado, 480 So.2d at 1339. Tenant noted the reasoning of the Florida court that "the intervention of independent intervening cause does not break the causal connection if the intervention of such forces was itself probable or foreseeable." Varnado at 1339. The Florida court also remarked that such a question is "removed from the jury only when reasonable men could not differ." Id. Tenant pointed out that Oklahoma law is the same on this point, that such a question "becomes one of law only when there is no evidence from which a jury could reasonably find a causal nexus between the act and the injury." Fargo v. Hays-Kuehn, 2015 OK 56, Â¶ 16, 352 P.3d 1223, 1228.

Â¶13 Tenant reasoned that common knowledge as well as Landlord's personal life experience made it foreseeable that under these circumstances Tenant might resort to heating water on the stove and carrying it to the tub to have a warm bath. Landlord testified she grew up in a home without running hot water, and she routinely heated water on the stove to add to the cold water in order to take a warm bath.[10] She explained:

Q. Okay. What did you do then to bathe?

A. Heated water.

Q. Where did you heat the water?

A. On the kitchen stove.

Q. Okay. And then what did you do with the water, I guess, if you heated it on the stove?

A. Put it in the tub.

Q. Okay. And that was regularly how you bathed?

A. Yes, ma'am.[11]

Tenant urged that under these facts it was possible and even probable that the fact finder could easily conclude that it was entirely foreseeable to the Landlord that her failure to repair the hot water heater could, after four days, result in Tenant boiling water and carrying it to the tub for a warm bath and incurring injury.

Â¶14 Further, Tenant noted that in negligence actions, Oklahoma law is similar to the Florida precedent as follows:

The concept of a person's duty to discover facts, and to anticipate what might occur under the circumstances, is involved, at some point, in all negligence cases. Negligence is sometimes defined by a person's duty to know certain facts and then guard against the consequences of them.

Moran v. City of Del City, 2003 OK 57, Â¶ 11, 77 P.3d 588, 592. Tenant also noted that we reflected the following:

In negligence the actor does not desire to bring about the consequences which follow, nor does he know that they are substantially certain to occur, or believe that they will. There is merely a risk of such consequences, sufficiently great to lead a reasonable person in his position to anticipate them, and to guard against them.... [Risk is defined] as a danger which is apparent, or which should be apparent, to the one in the position of the actor. Prosser and Keeton on the Law of Torts, 169, 170 (5th Ed. 1984) (material omitted, explanation and emphasis added).

Id. 

Â¶15 Tenant also emphasized our pronouncements in Miller, 2009 OK 49 at Â¶ 24, 212 P.3d at 1230:

The evolving nature of residential leases demand the reformation of an archaic rule, and today this Court supplants the caveat emptor doctrine of landlord tort immunity. In its place, this Court imposes a general duty of care upon landlords to maintain the leased premises, including areas under the tenant's exclusive control or use, in a reasonably safe condition. This duty requires a landlord to act reasonably when the landlord knew or should have known of the defective condition and had a reasonable opportunity to make repairs.

Furthermore, the federal housing standards relied on by OHFA solidify Landlord's duty to provide and maintain running hot water on Tenant's leased premises. Tenant argued that the teachings of Miller clearly impose a duty on the Landlord to maintain a functioning hot water heater, especially in light of the regulatory requirements.

Â¶16 The district court granted summary judgment in favor of Landlord finding that Landlord owed no duty to Tenant and that Landlord's conduct was not the proximate cause of Tenant's injuries, and that there is no negligence per se as Tenant's injuries were not the type intended to be prevented by the statute. The Court of Civil Appeals affirmed holding that Landlord owed no duty to Tenant under the circumstances of this case; but did not address other findings made by the trial court.

STANDARD OF REVIEW

Â¶17 Summary judgments are disfavored and should be granted only when it is clear there are no disputed material fact issues. Fargo, 2015 OK 56 at Â¶ 12, 352 P.3d at 1227. Summary judgment is to be denied where reasonable minds could reach different conclusions from the undisputed material facts. Id. The appellate standard of review of a summary judgment is de novo. Wing v. Lorton, 2011 OK 42, Â¶ 9, 261 P.3d 1122, 1125.

ANALYSIS

Â¶18 In addressing summary judgment in favor of a residential landlord on a tenant's claim for personal injury, we have stated:

In order to defeat a summary judgment motion on a negligence claim the opponent must establish a genuine issue of material fact exists as to whether the defendants: (1) owed a duty of care to the plaintiff; (2) breached that duty; or (3) breach of that duty proximately caused the plaintiff's injuries (citation omitted). The cornerstone of a negligence action is the existence of a duty (citation omitted). The issue of whether a duty existed is a question of law.

Miller, 2009 OK 49 at Â¶ 11, 212 P.3d at 1227. Ten years ago we acknowledged that the "evolving nature of residential leases demand the reformation of an archaic rule" and we supplanted the caveat emptor doctrine of landlord tort immunity and imposed "a general duty of care upon landlords to maintain the leased premises, including areas under the tenant's exclusive control or use, in a reasonably safe condition." Id. at Â¶ 24, 212 P.3d at 1230. We unequivocally disavowed this inequitable and archaic doctrine which previously immunized residential landlords from tort liability to tenants. Oklahoma's approach follows the majority of courts that now recognize a landlord's liability in tort for injuries to person or property, finding a duty arises out of the contract relationship. This shift acknowledges the disparate equities between the two parties and the duties outlined by contract, as noted in Prosser and Keeton on Torts, as follows:

It seems clear that it is the contract itself which gives rise to the tort liability, and that it is distinguished from other contracts to enter and repair by reason of the peculiar relation existing between the parties, which gives the lessee a special reason and right to rely upon the promise. This together with an undeclared policy which places the responsibility for harm caused by disrepair upon the party best able to bear it, and most likely to prevent the injuries, at least where he has expressed willingness to assume responsibility, is perhaps the best explanation for the result.

Prosser and Keeton on the Law of Torts, 444 (5th Ed. 1984). It is undisputed that Landlord had agreed to participate in the low income housing subsidized housing through OHFA. Landlord admitted that she had agreed to follow all of the rules and regulations, which included to provide running hot water to Tenant. OHFA even found that the lack of running hot water created a "serious health hazard to the family occupying the unit."[12]

Â¶19 Today, "this duty requires a landlord to act reasonably when the landlord knew or reasonably should have known of the defective condition and had a reasonable opportunity to make repairs." Miller, 2009 OK 49 at Â¶ 24, 212 P.3d at 1230. Thus, Landlord had a legal duty to act reasonably when notified on October 20, 2012 that Tenant had no running hot water. The record before us reveals that Landlord was notified late afternoon on October 20 that Tenant had no running hot water; her only response was she "would see what she could do." Four days later, Landlord had taken no action regarding the inoperable hot water heater and Tenant remained without hot water. On October 24, when getting ready to go into work, Tenant boiled water on the stove so she could take a warm bath. On her way she suffered serious injuries when she slipped spilling water on her body. Landlord's first action to repair the hot water heater occurred only after Landlord received a letter from OHFA notifying her that she was in violation of regulatory guidelines and that the lack of hot water created a "serious health hazard" to Tenant and her family. Landlord's first attempt occurred more than one full week after being notified and four days after Tenant suffered serious injuries.

Â¶20 We next turn to Miller regarding how this Court should treat Landlord's apparent regulatory violation and extended delay in taking action to repair the hot water heater. We previously stated:

Rather this Court imposes a duty upon the landlord to act reasonably when the landlord knew or by the exercise of reasonable diligence would have known, of the defective condition, See Schlender v. Andy Jansen Co., 1962 OK 156, Â¶ 18, 380 P.2d 523, 527, and had a reasonable opportunity to make repairs. Only in the presence of a duty neglected or violated will a landlord's negligence be actionable. By the same token, the landlord's liability, as any other tortfeasor, may be reduced or absolved by the tenant's contributory negligence. The question of liability should be submitted to the jury to decide.

Miller, 2009 OK 49 at Â¶ 28, 212 P.3d at 1230. Whether Landlord's failure to comply with regulatory guidelines under OHFA and delay in taking action to repair the hot water heater constituted a breach of her duty is a question to be ultimately resolved by a jury.

Â¶21 When adjudicating a motion for summary judgment, "all facts and inferences must be viewed in the light most favorable to the non-movant." Schovanec, 2008 OK 70 at Â¶ 38, 188 P.3d at 171 (citations omitted). We have also recognized that "Whether a negligent event's injurious consequences could have been reasonably foreseen presents a jury question ... [but] 'where the evidence together with all inferences which may be properly deduced therefrom is insufficient to show a causal connection between the alleged wrong and the injury' that the issue of proximate cause becomes a question of law." Id. at Â¶ 41, 188 P.3d at 173. Landlord has urged that even if she had a duty and breached that duty, there is no liability because Tenant's carrying heated water for a bath was an unforeseeable intervening cause which eliminated any liability for her injuries. Landlord urged there are no material facts in dispute in this regard and that only one conclusion can be drawn. We disagree.

Â¶22 The material facts are not in dispute; however, all facts and inferences must be viewed in the light most favorable to Tenant with respect to Landlord's request for summary adjudication. It is undisputed that Tenant notified Landlord and four days later there had been no action taken to repair the hot water heater. Landlord had the personal experience of regularly heating hot water on a stove and pouring the heated water into a tub for the purpose of creating a warm bath. OHFA notified Landlord that her failure to provide running hot water for Tenant created a serious health hazard for Tenant and her family. Landlord claims that the only inference that could be drawn from these facts is that it was unforeseeable and an intervening cause which rendered her free from liability to Tenant. Considered in the light most favorable to Tenant, we find that the overwhelming evidence before us would support an inference that it was foreseeable that Tenant might have to resort to boiling water and carrying it to her tub to have a warm bath. Although we find compelling evidence to support such an inference, we are not the fact finder in this matter. Because the inference is for the trier of fact, the issue of foreseeability was not proper for summary adjudication. We accordingly reverse the trial court's summary judgment on this issue.

Â¶23 We continue to recognize a landlord's duty of care to a tenant to maintain the leased premises, including areas under tenant's exclusive control or use, in a reasonably safe condition. Landlords are required to act reasonably when they know or reasonably should have known of a defective condition and had a reasonable opportunity to make repairs. We express no opinion on whether Tenant may be able ultimately to recover against Landlord for negligence. We find it is for the jury to resolve (1) whether Landlord breached the duty of care owed to Tenant and if so, (2) whether such breach was the proximate cause of Tenant's injuries. Thus, the order granting summary judgment is reversed.

CERTIORARI PREVIOUSLY GRANTED;
OPINION OF COURT OF CIVIL APPEALS VACATED;
JUDGMENT OF DISTRICT COURT REVERSED AND
MATTER REMANDED FOR FURTHER PROCEEDINGS

GURICH, C.J., DARBY, V.C.J., KAUGER, EDMONDSON, COLBERT, COMBS, JJ, concur;

WINCHESTER, J., dissents.

FOOTNOTES

[1] Record, Tab 3, Defendant Smothers' Motion for Summary Judgment and Brief in Support, 11-14-15.

[2] Id.

[3] Record, Tab 1, Amended Petition.

[4] Record, Tab 4, Letter from OHFA to Landlord, dated October 25, 2011, Exhibit 2, Plaintiff's Response to Defendant's Motion for Summary Judgment.

[5] Id.

[6] The issue presented to us in Lowery, was whether a satellite dish company owed a duty of care to their customer's girlfriend who was injured when she attempted to climb onto the roof to conduct a repair of the dish equipment. The company had sent a repair kit to their customer's home, the plaintiff contacted the company and asked they send out a repair person. Customer service advised that the company would not do this and that plaintiff would have to make the repair. We held that plaintiff "had the burden to produce some evidentiary material tending to establish any fact from which a duty of care to protect her from the danger she encountered might be inferred" and that she failed to carry that burden. We held that "it is not reasonable to say that Dish Network owed Lowery a duty to protect her from the danger she encountered when she decided to climb onto the roof of her garage." Lowery, 2007 OK 38 at Â¶ 21, 160 P.3d at 966. The Lowery case had no issues relating to duties owed by a landlord to a tenant.

[7] Record, Tab 3, Defendant Smothers' Motion for Summary Judgment and Brief in Support, 11-14-15.

[8] Id.

[9] Sturdevant v. Kent, 1958 OK 48, Â¶ 4, 322 P.2d 408, 410.

[10] Record, Tab 4, Deposition of Marcella Smothers, Exhibit 3 to Plaintiff's Response to Defendant's Motion for Summary Judgment.

[11] Id.

[12] Record, Tab 4, Letter dated October 24, 2011 from OHFA to Marcella Smothers, Exhibit 2 to Plaintiff's Response to Defendant's Motion for Summary Judgment.

Â